# McClellan *v.* The State.

## *Indictment for Murder.*

1. *Organization of jury in capital case; when question of variance can not be determined.*—Where the defendant in a capital case moves to quash the venire upon the ground that there is a variance between the original list of jurors constituting the special venire and the copy served upon the defendant, in that the occupation of the jurors was stated on the original venire and omitted from such copy, but neither of the lists is shown on appeal, it can not be affirmed that the court erred in denying the motion to quash.

2. *Same; failure to state occupation of juror not material.*—The fact that on the list of jurors served upon the defendant in a capital case the occupation of the persons constituting the venire drawn for such case are not given, furnishes no ground for quashing the venire; and this is true, although such occupations may have been stated on the original venire.

3. *Homicide; charge as to self-defense.*—On a trial under a indictment for murder, a charge as to self-defense, which does not postulate that the circumstances surrounding the killing are such as to reasonably impress the defendant that he was in great and imminent peril, is erroneous and properly refused.

4. *Same; same.*—On a trial under an indictment for murder, charges as to self-defense which do not hypothesize the defendant's

freedom from fault in bringing on the difficulty, are erroneous
and properly refused.

4.   *Same; charge as to good character.*—On a trial under an indict-
     ment for murder, where there was evidence tending to show
     that the defendant had a good character, a charge is erroneous
     and properly refused which instructs the jury that "If the de-
     fendant, Jerry McClellan, has proved a good character as a
     man of peace, the law says that such good character may be
     sufficient to create or generate a reasonable doubt of his guilt,
     although no such doubt would have existed but for such good
     character."

5.   *Charges which are abstract and confusing* are properly refused.

APPEAL from the City Court of Anniston.

Tried before the Hon THOMAS W. COLEMAN, JR.

The appellant in this case, Jerry McClellan, was in-
dicted and tried for the murder of Forney Williams, was
convicted of murder in the first degree, and sentenced
to the penitentiary for life.

The bill of exceptions contains the following recital
as to the motion to quash the venire:    "The defendant
before entering upon the trial objected to going to trial,
and moved the court to quash the venire on the ground
that there was a variance between the original and the
copy, which was served upon the defendant, in this, that
the copy served did not show the occupation of the reg-
ular panel for the week, and the original showed the
occupation of said jurors.  The court overruled the ob-
jection and motion, and the defendant excepted."  This
was all that was shown as to the original list of jurors,
or the copy served on the defendant.

There were several witnesses introduced on the part
of the State, who testified that Forney Williams was
killed at the residence of Jerry McClellan; that there
was an entertainment at Jerry's house, and upon his
talking to another man and demanding that they stop
swearing, the deceased, Forney Williams, walked up to
the defendant and struck him twice in the face; that
thereupon the deceased, Forney Williams, walked out of
the house into the yard, and the defendant walked into
an adjoining room, which was his bed room, and pro-
cured a gun, and that while the deceased, Forney Wil-

liams, was standing ten feet away talking to another man, the defendant fired upon said Williams and killed him; and that the deceased had his side turned to the defendant when the fatal shot was fired.

The defendant, as a witness in his own behalf, testified that after being struck by the deceased he went into his room and that deceased followed him, and as he got near him he cursed him and threw his hands towards his pocket as if about to draw a pistol, and that the defendant thereupon shot him. The defendant also testified that about a year previous to the homicide the deceased had threatened to kill him, which threats were communicated to the defendant.

The defendant introduced several witnesses who testified to his general good character.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that if they believe that the defendant when he entered into his private room in his dwelling house, and that the deceased, Forney Williams, was advancing towards defendant standing in the door of his private room with the intention to do or commit great bodily harm on defendant, and that defendant believed he was in imminent peril, that in such case the defendant is exonerated from killing Forney Williams." (2.) "The court charges the jury that if they believe from the evidence that there was an actual or impending danger to the defendant at the time of the shooting, or such a state of facts as were justly calculated to impress upon his mind a reasonable belief of the necessity of taking life, and he acted thereon, they may acquit the defendant." (3.) "The court charges the jury that if they believe from all the evidence that the circumstances surrounding, and acts at the time of the killing, were such as to impress the mind of the defendant with the reasonable belief that he was in peril of great bodily harm from the deceased, and that acting on such belief, he killed the deceased, they may acquit the defendant." (4.) "The court charges the jury that if the defendant,

[McClellan v. The State.]

Jerry McClellan, has proved a good character as a man of peace, the law says that such good character may be sufficient to create or generate a reasonable doubt of his guilt, although no such doubt would have existed but for such good character." (5.) "The court charges the jury that the law does not require one who is assailed in his own dwelling to retreat therefrom, but the law permits him, and says that it is his right to stand his ground and kill his assailant if it is necessary so to do, or to save his life or to protect himself from great bodily harm, provided he is without fault in bringing on the difficulty. And in this case the court charges the jury that if they believe from the evidence that the defendant was after entering his dwelling, or in the act of entering his dwelling room, and that the deceased so acted as to create in the mind of defendant reasonable belief that himself or any member of his family was in danger of his life, or sustaining great bodily harm at the hands of the deceased, then the defendant under the law had a right to shoot deceased and take his life, if such shooting was necessary to protect his own life, or that of any member of his family from sustaining great bodily harm at the hands of the deceased."

E. H. HANNA and J. H. KING, for appellant, cited *Fields v. State*, 47 Ala. 603; *Brown v. State*, 118 Ala. 111; 1 Mayfield's Dig. p. 174, § 210.

MASSEY WILSON, Attorney-General, for the State, cited *Thompson v. State*, 122 Ala. 12; *Henson v. State*, 120 Ala. 316; *Eggleston v. State*, 129 Ala. 80.

McCLELLAN, C. J.—It does not appear by this record either that the occupations of the jurors were stated on the original *venire* or that they were not stated on the list served on the defendant. If, therefore, the omission from a copy served on defendant of such statement made on the original would constitute a variance for which the *venire* should be quashed, we could yet not affirm that the court erred in denying the motion to quash made in this case because the fact alleged in the

motion does not appear to have been proved. However, such omission is not a material variance.—*White v. State*, 136 Ala. 58, 64-5.

Charge 1 requested by defendant was bad for that it did not postulate that the circumstances were such as to reasonably impress the defendant that he was in great and imminent peril.

This charge, moreover, and charges 2 and 3 were bad for omitting to hypothesize defendant's freedom from fault in bringing on the difficulty.—*Henson v. State*, 120 Ala. 316.

Charge 4 was properly refused.—*Eggleston v. State*, 129 Ala. 80.

Charge 5 is abstract in one or more of its postulates and it is confused in its terms.

Affirmed.

