# Turner *v.* The State.

## *Murder.*

(Decided May 18, 1909.    49 South. 828.

1. *Homicide; Evidence; Threats.*—Where the evidence in a homicide case tends to show self defense, threats alleged to have been made against the defendant by the deceased are admissible as shedding light upon who was the aggressor.

2. *Same.*—Where the defense to the killing was self defense and the testimony tended to show ill feling between the defendant and the deceased, and that the deceased was reputed a man of violent character, and had made threats against the defendant within a few hours of the killing, it is proper to admit the threats of decedent made against the defendant, both communicated and uncommunicated.

3. *Same; Self Defense.*—Where there is evidence tending to show a hostile demonstration which can be reasonably considered as having placed the defendant in apparent imminent danger whether or not the threats made by deceased against defendant when taken in connection with circumstances of the killing, are sufficient to justify the killing, is a question for the jury.

4. *Same; Self Defense; Apprehension of Danger.*—Where it appeared that late Saturday afternoon before the Monday on which the killing occurred, deceased had exhibited a gun saying that the defendant had not treated him right and that he was going to have satisfaction, which fact was communicated to the defendant on the Sunday intervening, it was permissible to show that on the Saturday night in question, the deceased gave a certain witness a ticket to a show and asked him to go in and then come out and let him know if the defendant was in the show, as being material to show who was the aggressor, and that defendant was in apparent imminent danger at the time of the homicide.

[Turner v. The State.]

5. *Same; Conduct of Accused.*—Apart from the principles of res gestae, a defendant cannot make his conduct evidence for himself; so that although the defense was self defense, it was not permissible for defendant to show what he did in order to avoid the deceased.

6. *Charge of Court; Weight of Evidence; Jury Question.*—The weight of the evidence is for the jury to determine, and in determining the weight they will give the evidence they may consider the demeanor of the witnesses testifying thereto.

7. *Same; Argumentative Instructions.*—Argumentative charges are properly refused.

8. *Same; Misleading Instructions; Reasonable Doubt.*—A charge asserting that if any member of the jury have a reasonable doubt from the evidence of the defendant's guilt, the jury will give the benefit of such doubt, to the defendant, and not return a verdict of guilty is misleading, as under it, the jury was authorized to return a verdict of not guilty, on the reasonable doubt of only one juror.

9. *Same; Involved and Misleading.*—It is not error for the court to refuse a charge which is involved and misleading.

10. *Same; Deliberation of Jury.*—Where the court has given further instructions on the law of self defense at the jury's request, it is not error to refuse a charge asserting that the jury could consider the written charges on that question theretofore given, in connection with the subsequent charge, where the subsequent charge did not impair the written charges previously given, since this court must assume that the jury will consider all charges given, without further instructions.

11. *Same; Request; Time.*—Where the jury returns and request further instructions from the court as to the law of self defense which are given by the court, the court should give, any additional charges requested by the defendant correctly stating the principles of law involved, and applicable to the facts.

12. *Homicide; Instructions; Self Defense; Apprehension of Danger.*—A charge on self defense which omits the hypothesis that the defendant honestly believes that he was in danger of death or great bodily harm at the time he killed deceased is properly refused; so charges which omit the hypothesis as to whether or not defendant willingly entered into the difficulty, or encouraged it, are properly refused.

13. *Appeal and Error; Harmless Error; Exclusion of Evidence.*— Although several witnesses had testified as to threats against the defendant by the deceased, the court cannot say what credence the jury gave to their testimony, and although the testimony offered might be cumulative merely, the court cannot say that the error in excluding such testimony, is harmless.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

From a conviction of manslaughter in the 1st degree J. Fletcher Turner appeals. Reversed and remanded.

LACKEY & BRIDGES, and THOMAS L. BULGER, for appellant. Under the facts in this case evidence of prior difficulties, threats, ill feeling and bad character of deceased are admissible for the purpose of explaining and shedding light on the conduct of the parties at the time of the homicide.—*Rutledge v. The State*, 88 Ala. 85; *Gunter v. The State*, 111 Ala. 23; *Burton v. The State*, 115 Ala. 11; *Grafford v. The State*, 122 Ala. 54. It is competent to show previous avoidance of quarrels and conflicts on the part of defendant for the purpose of showing that he is not the aggressor.—6 Ency of Evi. 764; 49 Ia. 328; 45 S. W. 581. The defendant was entitled to have the jury instructed after their return and request for other instructions.—*Harper v. The State*, 109 Ala. 66. It is the duty of the court to charge the law on each and every phase of the evidence.—*Woodbury v. The State*, 69 Ala. 242; *Smith v. The State*, 68 Ala. 424. Threat made by deceased against the life of defendant and the fact that deceased was in the habit of carrying a pistol, which was known to the defendant, are admissible in evidence.— *Wiley v. The State*, 99 Ala. 136; *Naughter v. The State*, 116 Ala. 463; *Roberts v. The State*, 68 Ala. 156. The court erred in refusing the charge that unless each juror is convinced of the defendant's guilt beyond a reasonable doubt, the jury should not convict.—*Carter v. The State*, 103 Ala. 93; *Hale v. The State*, 122 Ala. 85; *Fletcher v. The State*, 132 Ala. 10; *Leonard v. The State*, 150 Ala. 89.

ALEXANDER M. GARBER, Attorney General, for the State.

DENSON, J.—J. Fletcher Turner was indicted for murder, and on the trial of his case was convicted of the crime of manslaughter in the first degree, and sentenced to serve a term of five years in the penitentiary. From

the judgment of conviction he has appealed, and here seeks a reversal of the judgment.

The killing was not disputed by the defendant on the trial, nor did he deny that it was done intentionally and with a deadly weapon; but he sought to justify under the doctrine of self-defense. The only questions presented by the record for determination here relate to the rulings of the trial court on the admissibility of testimony, and to the refusal by that court of certain charges, in writing, requested by the defendant.

It is the well-settled rule in this jurisdiction, in cases of this character, and where the testimony tends to show self-defense, that threats made against the defendant by the deceased are competent, as evidence, to enlighten the jury trying the case upon the question of who was probably the assailant; and, as was said in the case of *Roberts v. State,* 68 Ala. 156, 168: "Whether * * * threats, taken in connection with the circumstances of the affray leading to and accompanying the killing, are sufficient to justify the act of homicide, is a question of fact for the jury, and it is not permissible for the court to determine it as matter of law. They cannot be excluded if there is the slightest evidence tending to prove a hostile demonstration, which can be reasonably interpreted as placing the accused, at the time of the killing, in apparent imminent danger to life or of other grievous bodily harm."

Here the testimony tended to show that ill feeling had grown up between the deceased and the defendant; that the deceased bore the reputation of being a man of violent and turbulent character, and had made dire threats against the defendant, down to within a few hours before the fatal shooting occurred. In this state of the case, the court very properly recognized the principle of law stated above, and admitted evidence of threats, both communicated and uncommunicated. But the court de-

clined to allow defendant to prove by a witness, Wash Morgan, that on Saturday night, next preceding the Monday on which Henderson (deceased) was killed, he (the witness) was in "Dadeville at a show, that he saw Henderson at the show, and Henderson asked him if he had been in the show, and witness replied, 'No,' and Henderson gave witness a ticket into the show, and asked him to go in and see if Fletch Turner (defendant) was in there, and to come back and let him know if Turner was in there." The record discloses that it had already been shown, by witness Hall, that Henderson, late on that Saturday afternoon, exhibited a pistol to him and said, "Turner has not treated me right, and I am going to have satisfaction," and that this was communicated to Turner on the next day, Sunday. We are constrained to hold that in not allowing the testimony as above indicated the trial court committed reversible error. The ruling of the court cannot be justified upon the idea that the testimony would have illustrated nothing. On the contrary, in connection with Hall's testimony, it was competent for the jury, if the testimony had been admitted, to say what weight it should have in determining the intensity of deceased's feelings against the defendant, and his anxiety to meet him; and in connection with the defendant's testimony it would have been competent to be considered by the jury in determining who was probably the aggressor, and whether or not the accused, at the time of the killing, was in apparent imminent danger to life or of other grievous bodily harm.—*Robert's Case,* 68 Ala. 156, 164; *Gunter's Case,* 111 Ala. 23, 29, 20 South. 632, 56 Am. St. Rep. 17; *Rutlege's Case,* 88 Ala. 85, 7 South. 335.

Nor can the ruling of the court be justified on the theory of error without injury. It may be that the evidence offered was, in its nature and effect, simply cumulative (though we do not decide this point); but, as it was

[Turner v. The State.]

competent, we cannot possibly say that the refusal of the trial court to admit it was without injury. The other testimony in respect to threats was given by witnesses other than Wash Morgan; and the demeanor of the respective witnesses was a subject for consideration by the jury, in determining the weight of their testimony. The jury might not have yielded to the testimony of the other witnesses as much credence as they deemed that of Morgan's entitled to. In other words, it is within the province of the jury to determine the weight that should be accorded to the testimony of witnesses, and, having the witnesses before them, they may, for this purpose, draw comparisons between the witnesses upon points of credibility, their demeanor among other matters; but this court, lacking such coigne of vantage, of course, cannot so estimate the testimony. Hence the theory of error without injury has no foundation in respect to the ruling under consideration.

The court committed no error in declining to allow the defendant to answer the question, propounded to him by his counsel, "What did you do to avoid Mr. Henderson?" In the first place, the question assumes that defendant did something to avoid Henderson. But we may fully justify the ruling of the court on a broader basis, namely, upon the principle that a party cannot "manufacture evidence for himself." Undoubtedly, presumptions from conduct operate in the nature of admissions, and the accused can no more make his conduct (apart from the principle of res gestæ) evidence than he could his declarations or admissions. Such evidence is usually termed self-serving, and is excluded on that theory.—*Henry's Case,* 107 Ala. 22, 19 South. 23; *Campbell's Case,* 23 Ala. 44, 79.

The other exceptions reserved to rulings of the trial court on the admissibility of testimony have been considered and found to be without merit.

Charge 10, requested by the defendant, was properly refused. It is argumentative. Moreover, it pretermits the hypothesis that defendant honestly believed that his life was in danger, or that he was in peril of grievous bodily harm, and further pretermits any inquiry as to whether the defendant willingly entered into or encouraged the difficulty.—*Campbell's Case,* 133 Ala. 81 (Chg. 1), 31 South. 802, 91 Am. St. Rep. 17; *Gilmore's Case,* 126 Ala. 21, 28 South. 595; *Pugh's Case,* 132 Ala. 1, 31 South. 727; *Mathews' Case,* 136 Ala. 47, 33 South. 838; *Wilson's Case,* 140 Ala. 43, 37 South. 93; *McClellan's Case,* 140 Ala. 99, 37 South. 239.

The court refused charge 13, requested by the defendant, reading as follows: "If any member of the jury has a reasonable doubt of the guilt of the defendant from the evidence, the jury will give the benefit of the doubt to the defendant, and not return a verdict of not guilty." It is true that the entire jury of 12 must agree upon a verdict before one can be returned. It is also true that charges asserting "if any member of the jury has a reasonable doubt of defendant's guilt from the evidence the jury cannot convict the defendant" have been held good, and their refusal error.—*Hale's Case,* 122 Ala. 85, 26 South. 236. But the charge here under consideration, while it asserts the doctrine of unanimity of the jury in the verdict, has no counterpart in any of the charges heretofore held good by this court, and we are of the opinion that it is misleading in its tendency, in that the jury might have inferred, from the hypothesis therein stated, that the charge required or authorized a verdict of not guilty; and this, too, on a reasonable doubt entertained by only one juror. To put the court in error for their refusal, written charges must be free from involvement and from misleading tendencies. The *Letcher Case,* 159 Ala. 59, 48 South. 805, cited by appellant, is not in

[Turner v. The State.]

point; the language of the charge there differentiating it from the one presently considered.

After the jury had considered the cause for a period of 24 hours, they returned to the courtroom and asked the court for instructions in regard to the law of self-defense. The court further instructed the jury on that branch of the law, whereupon the defendant asked the court in writing this charge: " The court charges you that, in connection with what has been said to you by the court, you will also consider the written charges heretofore read to you on the question of self-defense as part of this instruction." The court cannot be put in error for refusing the charge. It asserts no proposition, of law but only called the attention of the jury to a duty which had already been imposed upon them, by the giving of the charges for the defendant, as shown by the record, the force of which, as appears by the record, had been in no degree impaired by the additional instruction given by the court; and it cannot be assumed that, without the instruction last requested by the defendant, the jury would not give consideration to previous instructions given at defendant's request.

It must be conceded, under the facts shown by the record, that, had the defendant requested the giving of charges stating correct principles of law and applicable to the facts of the case, the court would have been under the duty to give them.—*Harper's Case*, 109 Ala. 66, 19 South. 901.

For the error pointed out, the judgment of conviction must be reversed, and the cause will be remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON, MCCLELLAN, and SAYRE, JJ., concur. SIMPSON and MAYFIELD, JJ., concur in the conclusion, but are of the opinion that the court also committed error in refusing to defendant charge 13.