[Smith v. The State.]

# Smith v. The State.

## Assault and Battery.

(Decided June 10, 1915.  69 South. 301.)

1. *Assault and Battery; Self-Defense.*—Where defendant had been actually attacked and threatened, and there is a reasonable mode of escape open to him, which will not increase his real or apparent danger, if he can, he must, in the exercise of reasonable prudence avail himself of it, and avoid a combat, although it may incur some inconvenience.

2. *Same; Self-Defense.*—A charge which submits the issue of self-defense as a defense to an assault and which fails to hypothesize an honest belief on defendant's part that he was in imminent peril, is properly refused.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Bill John Smith was convicted of assault, and he appeals. Affirmed.

Charge 1 is as follows: The duty to retreat only requires an assailed person to retreat as far as he can conveniently and safely do to avoid the violence of the assault, and if you believe from the evidence that the defendant had at the time he fired the shot retreated as far as he could safely be, and that the circumstances surrounding him at the time should have created in his mind a reasonable belief of his own imminent peril, and of an urgent necessity to fire the shot, then you should acquit the defendant, if you believe the defendant was free from fault in bringing on the difficulty.

HUGH REED and R. F. CONNOR, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

PELHAM, P. J—(1, 2) Charge No. 1 refused to the defendant could have been taken by the jury to mean, in effect, that if the defendant could not have retreated without inconvenience to himself, there was no duty upon him to retreat. This is not the law. If there is a reasonable mode of escape open to the party attacked, or threatened with attack, that will not increase his danger, real or apparent, he must, if he can in the exercise of reasonable prudence, avail himself of it, and avoid the combat, even though it should incur some inconvenience.—*Springfield v. State,* 96 Ala. 81, 11 South. 250, 38 Am. St. Rep. 85. The charge is also faulty in failing to hypothesize the defendant's honest belief that he was in imminent peril.—*Andrews v. State,* 159 Ala. 14, 48 South. 858; *Turner v. State,* 160 Ala. 40, 49 South. 828.

We have discussed the only matter insisted upon in brief of counsel as constituting error, and have examined the entire record and discover no error.

Affirmed.