Annette Knox was indicted and convicted for theft of property in the second degree in violation of § 13A-8-4, Code of Alabama 1975. The trial court sentenced her to five years' imprisonment and ordered her to pay restitution in the amount of $762.75. Three issues are raised on appeal.
 I
Knox contends that the trial court committed reversible error 1) when it allowed the prosecution to elicit inadmissible hearsay testimony from a document that contained hearsay and 2) when it allowed this document to be admitted into evidence.
During its examination of the victim, Mae Hollis, the prosecution introduced a letter written by Hollis to Knox which requested that Knox vacate the premises which she was leasing from Hollis due to Knox's alleged breach of an oral covenant. Hollis testified that she placed this letter under Knox's door and that Knox circled certain portions of the letter, wrote certain comments and expletives on the letter, and returned the letter to Hollis.
At trial, Knox's counsel objected to Hollis' conclusion that Knox wrote the offensive comments on the letter because Hollis offered no evidence that she saw Knox write those words on the letter. On appeal, Knox now argues that Hollis' testimony constituted inadmissible hearsay from a document containing hearsay and that the letter should not have been admitted into evidence.
"It is well settled that all grounds of objection not specified are waived and that the trial court will not be placed in error on grounds not raised at trial." Saffold v.State, 485 So.2d 806, 807 (Ala.Cr.App. 1986).
At no time during the trial did Knox specifically object to Hollis' testimony about the letter on the ground that it was inadmissible hearsay from a document which contained hearsay. Knox, moreover, made no objection whatsoever to the letter's admission into evidence. As a result, Knox has failed to preserve this issue for review.
 II
Knox contends that the trial court committed reversible error when it denied her motion for mistrial based on the fact that a juror conversed with Hollis, the prosecution's sole witness, during a jury recess while the trial was in progress.
"Any communication or contact outside the jury room about the matters at *Page 391 
trial between a juror and another person is forbidden where that contact 'might have unlawfully influenced that juror [ . . .].' " Ebens v. State, 518 So.2d 1264, 1267 (Ala.Cr.App. 1986) (quoting Roan v. State, 225 Ala. 428, 435, 143 So. 454, 460
(1932)).
"An unauthorized contact between the jurors and a witness does not necessarily require the granting of a mistrial. It is within the discretion of the trial court to determine whether an improper contact between a juror and a witness was prejudicial to the accused." Ex parte Weeks, 456 So.2d 404, 407
(Ala. 1984), cert. denied, 471 U.S. 1030, 105 S.Ct. 2051,85 L.Ed.2d 324 (1985).
Knox contends that the trial court failed to conduct a thorough inquiry to determine what occurred between the witness and juror and thereby abused its discretion. We disagree.
The record reveals that immediately following the trial court's discovery of the unauthorized communication between Hollis and the juror, the court conducted separate examinations of Hollis and the juror outside the presence of the jury to ascertain what they discussed and, in particular, whether they discussed the case. Both Hollis and the juror separately stated to the court that they did not know each other before the case; that they were merely sitting in the breakroom of the courthouse during the lunch recess; that they only discussed the weather; and that they did not discuss the case. In the court's lengthy examination of the juror, the juror responded that he did not discuss the case in any way with Hollis; that he was not affected in any way by his communication with Hollis; and that he did not learn anything about the case other than what had been presented in the courtroom.
The trial court conducted a proper hearing and concluded from the evidence that no prejudice resulted from the improper contact between the witness and juror. We therefore conclude that there was no abuse of discretion shown.
 III
Knox contends that the trial court committed reversible error when it permitted the prosecution to reopen its case to allow Hollis to testify that Knox called her, admitted guilt, and offered to pay restitution.
"Any conduct or declaration of a person having relation to the offense he is suspected of or charged with, indicating a consciousness of guilt, is admissible evidence against him."Sparks v. State, 376 So.2d 834, 843 (Ala.Cr.App. 1979). "[T]he acts, declarations and demeanor of an accused before or after the offense whether a part of the res gestae or not are admissible against him. . . ." Smoot v. State, 381 So.2d 668,671 (Ala.Cr.App. 1980).
In the case at bar, the testimony of the victim, Mae Hollis, that Knox called her, admitted her guilt, and wanted to know if Hollis would forgive her and accept restitution and partial payment was clearly admissible against Knox since the declarations indicated a consciousness of guilt on Knox's part. The trial court therefore properly allowed this testimony into evidence.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.