The appellant, Lorenzo Hilliard, was convicted of murder and was sentenced to 99 years in prison and was fined $10,000.
The state's evidence tended to show that on the evening of April 29, 1991, Christine Wheeler, the appellant's sister, found the body of Roy C. Sullen in the appellant's house trailer. The victim had over 30 knife wounds in his body and he died as a result of internal bleeding and hemorrhaging.
Approximately 30 minutes after the body was discovered and police had arrived, the appellant walked up to the house trailer. He told police that "I did what I had to do, that was I killed him."
The appellant testified in his own behalf at trial and stated that he killed the victim in self-defense.
 I
The appellant contends that the trial court erred in not granting his motion for a judgment of acquittal. He argues that the evidence clearly showed that the appellant killed the victim in self-defense and, therefore, he could not be convicted of murder.
The only evidence at trial concerning the appellant's theory of self-defense was the appellant's testimony in which he stated that he stabbed the victim only after the victim pulled a knife on him. The jury does not have to accept the accused's version of what happened.
 "Whether the killing of another was justified as an act of self-defense is a question for the jury, Turner v. State, 160 Ala. 40, 49 So. 828; and this is true even though the defendant's testimony as to how the difficulty occurred is uncontradicted."
Collier v. State, 49 Ala. App. 685, 275 So.2d 364, 367 (1973). "The weight and credence given the testimony of the accused as to the issue of self-defense is a question for the jury."Garraway v. State, 337 So.2d 1349, 1353 (Ala.Cr.App. 1976). See also Atchley v. State, 393 So.2d 1034, 1051 (Ala.Cr.App. 1981);Warren v. State, 380 So.2d 305, 307 (Ala.Cr.App. 1979), cert. quashed, 380 So.2d 307 (Ala. 1980); Graham v. State,339 So.2d 110, 113 (Ala.Cr.App.), writ denied, 339 So.2d 114 (Ala. 1976).
The trial court in its oral instructions to the jury set forth the law on self-defense. The jury resolved the issue against the appellant by finding him guilty of the intentional murder of Roy Sullen. Their verdict is supported by evidence presented at trial. The trial court committed no error in failing to grant the appellant's motion for a judgment of acquittal.
 II
The appellant also argues that the trial court erred in allowing photographs of the crime scene to be received into evidence before a proper predicate was established.
The evidence showed that police arrived at the scene of the crime at 11:22 p.m. on the evening of April 29, 1991. Michael Cowart, a former police officer in Daleville, testified that when he arrived at the scene an officer was posted at each door of the house trailer where the body was found and that nothing had been disturbed. Investigator Allen J. Eldridge with the Department of Public Safety in Daleville stated that he arrived at the scene at 11:32 p.m. and that he made photographs of the scene at this time. The appellant questions the receipt into evidence of these photographs.
 " 'The test for determining the admissibility of a photograph is whether it is a true and faithful representation of the *Page 1206 
place or subject it purports to represent as it existed at a time pertinent to the inquiry.' Elmore v. State, 414 So.2d 175 (Ala.Cr.App. 1982)."
Blankenship v. State, 589 So.2d 1321, 1325 (Ala.Cr.App. 1991).
Here there is no indication of "tampering."589 So.2d at 1325. It is unreasonable to expect the police photographer to be the first officer to arrive at the scene of a crime. It is reasonable to assume that the scene was not tampered with during the 10 minutes before the police photographer arrived. The photographs were correctly received into evidence.
For the reasons stated above, the judgment in this case is due to be affirmed.
AFFIRMED.
ALL the Judges concur.