The appellant, Boyd Edward Whitley, was convicted of the murder of Kenneth "Bud" *Page 1031 
Allison. He was sentenced to 22 years in prison.
The state's evidence tended to show that on the evening of September 13, 1991, the victim died as a result of a gunshot wound to his back. At around 5:30 on September 13, 1991, the victim and his girlfriend, Gloria Willis, arrived at the appellant's house. The victim wanted to discuss the money that the appellant owed to him. Gloria Willis testified that the victim and the appellant started arguing on the porch and that they then went into the appellant's house and started fistfighting. The appellant told the victim that he was not going to pay him the money that he owed him. Willis testified that the appellant talked violently. They stopped fighting and the victim went onto the front porch. The appellant followed the victim out of the house and picked up an axe handle and hit the victim over the head. They continued the fistfight, and the appellant eventually turned and walked into the house. The victim, who was not armed, walked away and started to get some of his tools out of the appellant's truck. Willis said she heard a gunshot and then the appellant appeared on the porch. The appellant shot the victim in the back with a .22 caliber rifle. Willis testified that she saw the appellant with his rifle on the porch about 6 to 10 feet away from the victim. Willis testified that the appellant told her after the shooting to "get him up and out of here, I'm going to kill you both." The victim died in the ambulance.
The appellant testified in his own behalf and said that the victim was abusive and started the fight. He said that he shot the victim after the victim had hit a window out of his truck and turned and headed towards him. The appellant said that he was afraid of the victim and shot to warn him.
 I
The appellant initially argues that the trial court erred in denying his motion for a judgment of acquittal. Specifically, he contends that the state's evidence was insufficient to find him guilty of murder because, he argues, he established that the shooting was in self-defense.
The state's evidence as summarized above supported the court's denial of the appellant's motion for a judgment of acquittal. As this court stated in Hilliard v. State,610 So.2d 1204 (Ala.Cr.App. 1992):
 " 'Whether the killing of another was justified as an act of self-defense is a question for the jury, Turner v. State, 160 Ala. 40, 49 So. 828 [1909]; and this is true even though the defendant's testimony as to how the difficulty occurred is uncontradicted.'
 "Collier v. State, 49 Ala. App. 685, 275 So.2d 364, 367 (1973). 'The weight and credence given the testimony of the accused as to the issue of self-defense is a question for the jury.' Garraway v. State, 337 So.2d 1349, 1353 (Ala.Cr.App. 1976). See also Atchley v. State, 393 So.2d 1034, 1051
(Ala.Cr.App. 1981); Warren v. State, 380 So.2d 305, 307 (Ala.Cr.App. 1979), cert. quashed, 380 So.2d 307 (Ala. 1980); Graham v. State, 339 So.2d 110, 113 (Ala.Cr.App.), writ denied, 339 So.2d 114 (Ala. 1976)."
610 So.2d at 1205.
The court thoroughly instructed the jury on the law pertaining to self-defense. The jury was the finder of fact and resolved the issue of self-defense adversely to the appellant. Its verdict is supported by the evidence.
 II
The appellant argues that the trial court erred in allowing declarations made by the appellant after the shooting to be received into evidence. He argues that these statements were not part of the res gestae of the crime because they occurred after the shooting.
The appellant made a statement in the presence of two paramedics who were treating the victim. The paramedics testified that the appellant said that he "did not want the victim to breathe" and that "no one hits him and gets away with it." These statements were both correctly received into evidence because they tended to establish the mental state of the appellant at the time he shot the victim. As this court stated in *Page 1032 Henderson v. State, 583 So.2d 276 (Ala.Cr.App. 1990), aff'd,583 So.2d 305 (Ala. 1991), cert. denied, ___ U.S. ___,112 S.Ct. 1268, 117 L.Ed.2d 496 (1992):
 "Any conduct or declaration of the accused having relation to the offense charged and indicating a consciousness of guilt, is admissible against him at trial. Nicks v. State, 521 So.2d 1018, 1028
(Ala.Cr.App. 1987), aff'd, 521 So.2d 1035 (ala.), cert. denied, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 948 (1988)."
583 So.2d at 295. See also Sparks v. State, 376 So.2d 834, 843
(Ala.Cr.App. 1979).
 " '[T]he acts, declarations and demeanor of an accused before or after the offense whether a part of the res gestae or not are admissible against him. . . .' Smoot v. State, 381 So.2d 668, 671 (Ala.Cr.App. 1980)."
Knox v. State, 571 So.2d 389, 391 (Ala.Cr.App. 1990). We further consider that the remarks were part of the res gestae, notwithstanding that they were made after the fatal shot was fired. These statements were correctly received into evidence.
 III
The appellant further argues that the trial court erred in not allowing him to present evidence of the victim's reputation for violence. The court did allow this evidence to the presented at trial. During the examination of the appellant, counsel was allowed to elicit evidence that the victim had a bad reputation in the community for violence. The appellant's contention is not supported by the record.
 IV
The appellant has also filed a pro se brief with this court in which he argues that his counsel's performance at trial was ineffective. This issue was not presented to the trial court in a motion for new trial. As the Alabama Supreme Court stated in Ex parte Jackson, 598 So.2d 895 (Ala. 1992), issues of ineffective assistance of counsel must be timely raised in the trial court before this court can consider that issue on the merits. This issue, therefore, is procedurally barred from this court's review. Jackson. This ruling does not prevent the appellant from raising this issue in a collateral proceeding under Rule 32, A.R.Crim.P.
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.