TAYLOR, Judge.
The appellant, Ollis Madden, was convicted of attempted murder. He was sentenced to 30 years in prison.
The state’s evidence tended to show that on the evening of February 8, 1992, the victim, 17-year-old Denny Tolbert, was shot in the back at a fast food restaurant in Gadsden. The appellant and another boy, a friend of the victim’s, were arguing over a girl when the appellant became very agitated. Someone tried to calm him down, but the appellant told that person that “he was already going to jail for killing one bitch.” Moments later the appellant shot Tolbert in the back. The bullet entered the base of his neck, “glanced” off his spine, and lodged in his shoulder.
Several witnesses testified at trial and identified the appellant as the person who shot Tolbert.
I
The appellant first contends that the trial court erred in denying his motion for a change of venue.
The United States Court in Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963), held that if an individual cannot obtain a trial by an impartial jury in the district where the crime occurred, then the court should transfer the case to another district where the jurors are free from bias. See also Groppi v. Wisconsin, 400 U.S. 505, 91 S.Ct. 490, 27 L.Ed.2d 571 (1971).
In this case, the appellant made a motion for a change of venue, stating that he could not obtain an impartial trial in Etowah County because, he said, there had been extensive pretrial publicity of this case and publicity involving a previous charge against him in Etowah County. The appellant introduced newspaper articles and transcripts of radio broadcasts. Most of the articles appeared between 1988 and 1990 and concerned a prior offense in which the appellant had been involved. The previous offense was a firebombing in 1988 in which a 14-month-old child was killed.
The appellant was tried on the attempted murder offense in January 1993. The trial court held a hearing on the motion for a change of venue and stated that it would reserve its final ruling on that motion until the prospective jurors had been examined on voir dire.
During voir dire examination eight prospective jurors, when asked if they had previously heard the appellant’s name, answered that they had. They were each questioned individually to determine the extent of their knowledge of the appellant. In response to the trial court’s question, they all answered that they could decide the case based only on the evidence presented at trial. After the voir dire examination, defense counsel did not exercise any challenges for cause based on the prospective jurors’ answers during voir dire. The motion was not mentioned again until the second day of trial.
The next morning, after the jury had been selected and after opening statements had been made, defense counsel renewed his motion for a change of venue. He stated that another article had appeared in the paper that morning that detailed his case. The trial court denied the motion, basing its ruling on the answers given by the prospective jurors during voir dire questioning. The court stated in response to defense counsel’s motion that it would instruct the jury to disregard everything except the evidence presented at trial.
To prevail on a motion for a change of venue, the defendant must show that the community was “saturated with prejudicial publicity.” Ex parte Grayson, 479 So.2d 76, 80 (Ala.), cert. denied, 474 U.S. 865, 106 S.Ct. 189, 88 L.Ed.2d 157 (1985); Parker v. State, 587 So.2d 1072, 1080 (Ala.Cr.App.1991). The sole fact that newspaper articles have been written about a case will not warrant a change of venue. There must be some showing that the articles caused bias on the part of the prospective jurors. Grayson.
The most important way to guard against the effects of pretrial publicity is to conduct an extensive examination of the jurors during jury selection. See LaFave and Israel, 2 Criminal Procedure § 22.2 (1984). “The proper way to ascertain whether ad *1052 verse publicity may have biased the prospective jury is through the voir dire examination.” Thomas v. State, 452 So.2d 899, 902 (Ala.Cr.App.1984). See also Williams v. State, 601 So.2d 1062 (Ala.Cr.App.1991). In this case, a very thorough voir dire concerning the effect of the pretrial publicity and the publicity on the prior charge on the prospective jurors was conducted. The jurors all answered that any articles they had read about the ease or anything they had heard about the ease would not affect their verdict. The trial court did not err in denying appellant’s motion for a change of venue.
II
The appellant next argues that the trial court erred in allowing a statement made by him at the time of the shooting to be received into evidence. At trial, a -witness testified that when the appellant was arguing with the victim’s friend immediately before the shooting, he said that, “he was already going to jail for killing one bitch.” The appellant contends that this statement should not have been allowed into evidence because, he argues, it was evidence of a collateral act not charged in the indictment.
Generally, evidence of a collateral act is not admissible. C. Gamble, McElroy’s Alabama Evidence § 69.01 (4th ed. 1991). However, as this court recently stated in Whitley v. State, 628 So.2d 1030 (Ala.Cr.App.1993):
“ ‘Any conduct or declaration of the accused having relation to the offense charged and indicating a consciousness of guilt, is admissible against him at trial. Nicks v. State, 521 So.2d 1018, 1028 (Ala.Cr.App.1987), aff'd, 521 So.2d 1035 (Ala.), cert. denied, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 948 (1988).’”
Whitley, 628 So.2d at 1032 quoting, Henderson v. State, 583 So.2d 276 (Ala.Cr.App.1990), aff'd, 583 So.2d 305 (Ala.1991), cert. denied, — U.S. -, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992). See also Sparks v. State, 376 So.2d 834, 843 (Ala.Cr.App.1979).
As Judge Bowen further stated in Greathouse v. State, 624 So.2d 202, 206 (Ala.Cr.App.1992), quoting Willingham v. State, 261 Ala. 454, 458, 74 So.2d 241, 244 (1954): “ ‘ “The acts, declarations, and demeanor of an accused, before or after the offense, whether a part of the res gestae or not, are admissible against him.
The statement was correctly received into evidence as it related to the appellant’s “consciousness of guilt.” We further consider the statement to be part of the res gestae of the charged crime.
Ill
The appellant next argues that reversible error occurred during the cross-examination of Officer Troy Higdon of the Gadsden Police Department. The defense called Officer Higdon as a witness. During direct examination, defense counsel asked Officer Higdon if the appellant’s hands had been tested for powder residue after the shooting. Higdon stated that they had not been tested because the police department no longer used those tests. During cross-examination by the state, the following occurred:
“Q [Prosecutor]—You don’t use them anymore.
“A: The State lab does not use them, no, sir.
“Q: And do you know the occasion as to why they are not used?
“Mr. Downs [Defense Counsel]: Object, they—
“Mr. Hedgspeth [Prosecutor]: He went into it.
“The Court: Overrule.
“You may answer.
“A: There were too many false positives on the test. A lot of things react—
“Mr. Downs: Judge, we object, this would be hearsay. This officer has already said the lab does that. It’s hearsay as to this witness.
“The Court: Overrule, you asked him about his knowledge of the test. Overrule.”
The appellant contends that the officer’s answer to this question was hearsay and that it should not, therefore, have been received into evidence. As the state correctly argues, evidence was presented on direct examination *1053 that Officer Higdon was familiar with the tests. Whether the test was still being used and if not, why not, was a subject within Higdon’s own knowledge; it was not hearsay. Even if the statement was hearsay, we can conceive of no reason why the admission of this testimony would injuriously affect the substantial rights of the appellant, Rule 45, A.R.App.P., and result in reversible error.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur except BOWEN, P.J., concurs specially with opinion.