148 So.2d 255

**Harvey Edward BROWN**

v.

**STATE.**

**6 Div. 869.**

Court of Appeals of Alabama.

Dec. 11, 1962.

---

Matt H. Murphy, Jr., Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Ed Brogden, Sp. Asst. Atty. Gen., for the State.

CATES, Judge.

Indictment: assault with intent to murder Frank Giangrosso. Verdict: guilty. Punishment: five years in the penitentiary.

A female customer in the same tavern coming back from the rest room sat down beside Giangrosso as he sat in a booth drinking beer.

According to the State's evidence, Brown and two others[1] (with whom Giangrosso's new found friend had formerly sat) set upon Giangrosso, beating him and knocking him bleeding to the floor. One of Brown's buddies, Ellison, ran out with a knife in his bloody hand.

Undisputedly Giangrosso was cut (or "stabbed") and laid up "all told six weeks" in the hospital. He did not know which of the three cut him. The evidence is uncertain as to how hard and how long he was stomped or kicked while on the floor, merely being assertive of their kicking him.

Certainly it was arguable that one of the group remonstrated with Giangrosso that he was poaching on their preserve.

 We consider it necessary to reverse the judgment for the refusal of defendant's requested charge 2:

---

[1]. Brown was tried jointly with Smith. Both were separately indicted. This ex-

"The Court charges the jury, that the charge of assault and battery, is embraced in the indictment in both cases."

Brown and Smith tried to set up alibi, that is, they were elsewhere in the room. But, since the State showed Ellison ran out the door with a knife in his hand, Brown's merely being on the other side of the room, would not alone relieve him from responsibility altogether. One who aids, abets, or encourages another at the scene (as might be inferred though we were to accept all of this "alibi") can be equally responsible with the actual doer of the deed. Hence, we cannot say on this record "guilty as charged" or "not guilty" were the only supportable verdicts. Stovall v. State, 34 Ala.App. 610, 42 So.2d 636.

Reversed and remanded.

JOHNSON, J., dissents.

---

plains the wording of the charge quoted within.