235 So.2d 913

**Edward Maurice BURRELL, alias**

**v.**

**STATE.**

**7 Div. 16.**

Court of Criminal Appeals of Alabama.

May 26, 1970.

Thomas E. Davis, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and George W. Hodges, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Edward Maurice Burrell appeals from a conviction for the offense of murder in the second degree for the killing of Oscar Gray, Jr. He was sentenced to serve fifteen years in the state penitentiary.

The state's evidence tended to show that that on the afternoon and evening of Saturday, May 4, 1968, the defendant, the deceased and their wives were drinking heavily at deceased's house and that deceased was killed by a bullet from a .32 Caliber Smith and Wesson revolver. There was no eye-witness to the shooting. Troy Manning Gray, deceased's twelve year old son, testified defendant, who was his uncle left the house at one time, but his wife refused to go with him; that defendant returned and shot once into the air; that deceased came into the room and wanted to know what was going on; that defendant wanted to put witness' mother on the bed, but deceased said "No;" that defendant and deceased began arguing and defendant said he was going to kill deceased; that witness then 'left and went to an uncle's house but his uncle wasn't there, so he went back home and found his father, deceased, lying on the floor in the kitchen; that defendant was drinking and Mrs. Burrell and his mother were drinking; that deceased was drinking a little but was not drunk.

Richard Moore, a detective for the City of Gadsden testified he and his partner went to the deceased's house to investigate the shooting. They were met at the door by Mr. Burrell, the defendant. Officer Moore stated: "We asked Mr. Burrell what had happened and Burrell told us it was nothing but family trouble and that was all he was going to say about it. * * When I asked who shot Mr. Gray Burrell replied that he did but it was just family trouble and he wasn't going to say any more about it." The officers then went in the house and found Mr. Gray lying face down on his left side in the kitchen and two ambulance attendants were working with him. While the ambulance attendants were moving Mr. Gray to the ambulance, Mr. Burrell showed the officers the gun which was on the floor behind the sofa in the den. The gun, a .32 Caliber revolver, Smith & Wesson, had been fired twice. One bullet had been fired through a picture frame into the wall.

Mrs. Gray and Mrs. Burrell were drunk and "passed out." Mrs. Gray was in the front bedroom. Mrs. Burrell was on the sofa in the den.

Mr. Noble Yocum, Coroner of Etowah County for ten years testified without objection, that he examined the body of Oscar Gray, Jr., at the Holy Name of Jesus Hospital in Gadsden and that the cause of death was an internal hemorrhage due to a gunshot wound. The wound was a small puncture type, just inside the point of the left shoulder ranging toward the center of the body.

Counsel for appellant argues in brief that defendant's statement to Officer Moore was improperly admitted in evidence because defendant was not warned of his rights before confessing that he killed Mr. Gray, (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974) and that no search warrant was issued for a search of the Gray home.

The volunteered statement to the officers was made during a "general-on-the scene" investigation of the facts surrounding the killing, at a time when the defendant had not been arrested and was not in custody. Miranda v. Arizona, supra; Ison v. State, 281 Ala. 189, 200 So.2d 511. Its admission was proper.

There was no evidence tending to show a search of the house. The testimony of the officer that defendant voluntarily pointed out the whereabouts of the gun was not refuted.

Van B. Pruett, Jr., a toxicologist with the State of Alabama, testified he performed an autopsy of the body of Oscar Gray, Jr., on September 11, 1968, and "recovered the slug from the posterior or back inside the chest wall at about the line of the back of the armpit and slightly below the horizontal line of the nipple." The "slug" from a .32 Caliber pistol entered the body from "high up in the left chest on the anterior surface * * * making a slightly downward path and from the front to the back."

The defendant objected to this testimony as well as to the introduction of a photograph of deceased showing the point of entry of the bullet, introduced as an exhibit to the testimony of the coroner, on the ground there was no denial that death resulted from the bullet fired from the .32 Caliber pistol and that the admission of the photograph and the testimony of the toxicologist was merely cumulative, was calculated to inflame the minds of the jury and was highly prejudicial.

We do not agree. The admission of cumulative evidence, even upon a fact not disputed, is not reversible error. Weems v. State, 222 Ala. 346, 132 So. 711; McKee v. State, 33 Ala.App. 171, 31 So.2d 656.

No evidence was introduced in defendant's behalf. The evidence for the state presented questions for the jury's determination and was sufficient to support the verdict. The requested affirmative charge was refused without error.

The judgment is affirmed.

Affirmed.