292 So.2d 140

**Gary Don WALLACE, alias**

v.

**STATE.**

**8 Div. 437.**

Court of Criminal Appeals of Alabama.

March 19, 1974.

John D. Cates, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Donald G. Valeska, II, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant appeals from a conviction of burglary in the second degree in the Circuit Court of Colbert County, with sentence fixed at three years imprisonment.

Immediately following the conclusion of the State's case, appellant moved to exclude the testimony, which motion was overruled by the court.

Appellant's motion for a new trial was also overruled by the court.

The grounds set out in these motions constitute the basis and main contention of the appellant on this appeal.

Sometime between 9:30 and 10:00 o'clock on the night of October 19, 1972, State witnesses, Mr. and Mrs. James Speegle, who lived on Montgomery Street in Tuscumbia, heard a noise sounding like the breaking of glass. Mrs. Speegle immediately looked from her front door and saw a person kicking in the glass in the front door of Claunch Store which was diagonally across Montgomery Street from her home and cornered on Montgomery and Eleventh Streets. Another person was present in front of the store at the time. She immediately told her husband what she had seen and left to go to a neighbor's house to report the matter to the police. On her way over to the home of her neighbor, she saw appellant walk up to the front of the Claunch Store and stop momentarily, and also heard her husband call on him to halt when he started to move around. The first two had disappeared into the store. She heard her husband tell him to call on the others inside to come out, and she testified that he gave "some smart answer" but did halt.

Meanwhile Mr. Speegle got a shotgun, came out of the house into the front yard, and stationed himself behind some bushes out of sight of anyone at the Claunch Drug Store. He observed the appellant standing in front of the store and when he started to move, called to him to halt. Appellant responded with some vulgarity, telling him to go ahead and shoot, but in the meantime halting. Speegle told him to tell whoever was in the store to come out. Speegle testified that he heard appellant call a name which he did not understand and heard him tell the persons in the store to come out because a man outside had a gun. They did come out, but instead of halting they ran on Eleventh Street in the direction of a housing project where appellant is alleged to have lived.

The owner of the store testified that when he left the store on the night in question, it was locked, and that no merchandise or goods were missing from the store after the break-in. When he was notified by the officer of the break-in, he came back to the store from his home. He further testified that a part of the double door in front was knocked in; that he found broken glass; and that the door was intact and locked when he left earlier in the night. Some cigarettes, candy and other articles of merchandise were found placed in a large box setting on the end of the counter.

Police Officer Hargett of the Sheffield Police Department came to the scene of the burglary and took the appellant into custody.

The appellant did not testify nor offer any testimony in his behalf.

Briefly stated, the grounds of appellant's motion to exclude are: first, that the State failed to prove its case; second, that the State totally failed to prove that the appellant was an accomplice or had any connection with the individuals who had broken into the store and run away, without being apprehended, and that there was any proof of a conspiracy or understanding in any way; third, that the State failed to prove the venue in the case; and fourth, that there being no proof to connect the defendant with any offense shown, it would be a deprivation of his right to due process of law to submit the case to the jury.

Some of these grounds are reassigned in the motion for a new trial, with the additional grounds added which will be referred to later.

■ The basic elements of burglary in the second degree are: (1) breaking and (2) entering (3) with intent (to steal or to commit a felony). Livingston v. State, 44 Ala.App. 559, 216 So.2d 731.

It is axiomatic, that the burden is on the State to establish the existence of these elements beyond a reasonable doubt before there can be a conviction of burglary.

■ The crime of burglary may be proved by circumstantial evidence as well as by postive and direct evidence and need not be proved by positive testimony only, but all of the testimony tending to incriminate the appellant may be considered by the jury in determining this question. Washington v. State, 44 Ala.App. 516, 214 So.2d 867.

· " 'The mere fact that a person is present at the scene of a crime but does not in any way participate in or encourage its commission does not make him a party to the crime.' " Pate v. State, 45 Ala. App. 15, 221 So.2d 691.

Our courts have held however, that a person who aids another in the commission of a criminal offense is as equally responsible as the actual doer of the act. King v. State, 49 Ala.App. 111, 269 So.2d 130; Brown v. State, 41 Ala.App. 641, 148 So.2d 255.

■ In Stokely v. State, 254 Ala. 534, 49 So.2d 284, the Supreme Court held that

**334**

where two or more persons enter upon a common enterprise or adventure and a criminal offense is contemplated, then each is a conspirator, and if the purpose is carried out, each is guilty of the offense committed, whether he did any overt act or not. Such conspiracy need not be proved by positive testimony, and the jury is to determine whether it exists, and the extent of it, from the conduct of the parties and all the testimony. Code 1940, Tit. 14, § 14.

 We are not unaware of the rule that in order to make a prima facie case against a defendant, the evidence must arise above mere suspicion, surmise or conjecture.

But in the case at bar we think the actions of the appellant in being present at the scene of the burglary, his conversation with witness Speegle, and his calling out by name the person or persons within the store and advising them they should come out because someone had a gun on the outside, are such incriminating circumstances as to support the action of the court in denying the motion to exclude the evidence and submitting the case to the jury.

Grounds 1, 2, 3, 4, 5 and 6 of the motion for a new trial are not well taken and were properly overruled. Ground 7, complaining of the overruling of a demurrer, is not supported by any portion of the record, therefore, properly overruled.

Nor does the record support ground 8, which complains of an error by the court in overruling a motion for a continuance.

From the examination of this entire record, as the law requires, we find no error injurious to the substantial rights of the appellant, and the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.