314 So.2d 100

**Raymond PAYNE**

v.

**STATE.**

**3 Div. 328.**

Court of Criminal Appeals of Alabama.

May 27, 1975.

Sam W. Taylor, Montgomery, for appellant.

**182**

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

The jury found the appellant-defendant (an indigent) guilty of murder in the first degree and fixed his punishment at life imprisonment. The homicide was a delayed incident to a robbery of Willie Pruett, in his house. All participants in the robbery and the victim, Willie Pruett, were blacks.

We briefly summarize the facts, omitting unnecessary details, as follows: One Ernest Robinson, Annie Mae Harris, Joann Taylor and defendant conspired to go on a criminal robbing excursion. The first victim selected was a "dude" at the Elks' Club. The two women attempted to lure the intended victim into the trap, but failed. He didn't swallow the bait.

Willie Pruett, living on Henley Street, was the second choice of the group immediately following whom they would rob. The two women and defendant went to the door and were shortly admitted into the house. Robinson followed. All four entrants were armed.

Once inside, the group proceeded to demand Pruett's money which he said he didn't have. After considerable threats of violence and injury, Pruett surrendered his pocketbook, containing about $40.00, but refused to divulge the whereabouts of other money, $12,000.00, subsequently found in the house. Defendant fired two pistol shots in the direction of Pruett. One bullet grazed him with minor injury.

In a scuffle, it appears that Pruett frightened them into a hurried departure from the building.

Once all four were inside the automobile they had left, one of the women suggested that Pruett might not be dead, but up and "phoning the police." Suggestion was made by one of the women in the presence of all, that he ought to be killed in order for the group to be free from exposure and arrest.

In a statement of defendant, after due *Miranda* warning and shown to have been made free of coercion or threats, defendant, Robinson, re-entered the dwelling house, armed with a twenty-two pistol which defendant handed him in the automobile. This decision and delivery of the weapon followed a suggestion by Joann Taylor to Robinson that he had better go back in there and kill Pruett (using a vile designation) "before he gets us all in trouble."

The evidence shows that a bullet from the twenty-two pistol handed Robinson killed Pruett. Robinson was also killed in the shoot-out between Robinson and Pruett.

The defendant later signed a statement, after *Miranda* warning, at which time no threat or coercion was used to induce the signing of this statement in which he said inter alia that Joann Taylor told Robinson to go back in there and kill Pruett; that Robinson told him to give him the twenty-two pistol; that he, defendant, was slow in getting the pistol out of his pocket and Robinson reached over and "he helped me take it out my pocket."

We note here that the defendant took the witness stand in his own behalf. His evidence essentially was the same as in the signed statement and in an oral one made to the officer.

However, on the witness stand, defendant testified with respect to Robinson obtaining the twenty-two pistol from him as follows:

"Q. Now, Raymond, you say that Roberts helped get the pistol out of your pocket?

"A. Well, I was going in my pocket, and I hadn't got it out of my pocket, and he snatched my hand back and caught it by the handle and snatched it out of my pocket. He snagged my pants in the process of it and he got out of the car and ran up to the house and that is when I heard the shooting."

We note here that defendant entered a plea of not guilty to the indictment for murder. Some evidence as to black-outs in the army and a head injury before army service was admitted. Neither the oral charge nor defendant's written instructions, given and refused, mentioned the law of insanity.

I

Appellant contends that the trial court erred in refusing to strike from the testimony of Detective Cunningham, the officer who took defendant's written statement as to his participation in the robbery, that Harris and Taylor, the two involved women, confessed.

We note that defendant in his written statement as to his participation and in his testimony before the jury, implicated the two women, Harris and Taylor, as participants in the robbery.

The officer, Cunningham, in his testimony did not state the details of the women's confession, but it is to be inferred that they were talking about their participation in the robbery and the homicide that followed.

The officer's testimony about the confession was not harmful to defendant inasmuch as he, himself in his statement and testimony before the jury testified to the alleged participation. Supreme Court Rule 45. The alleged confession merely confirmed defendant's statements and testimony.

II

Appellant asserts error to the prejudice of defendant in the court's refusal to grant him a mistrial for the conduct of counsel who prosecuted for the State, and in refusing to permit appellant's counsel to refer to such misconduct or otherwise to respond to kind in his argument.

We have read the entire record and note that there was some unnecessary bickering between counsel for both sides, but we are not inclined to say that the bickering was prejudicial to either side; nor are we inclined to censor the record and place the blame. If we could reach such a conclusion it would require considerable effort not advisable to undertake. We conclude that the trial court's patience at times was frequently tested by the bickering. We think he handled the conflicts with consid-

**184**

erate judgment and fairness. We see no prejudicial error that the court committed.

### III

■ A third contention is that the District Attorney's summation to the jury wherein he asserted the victim, Pruett, "died during the process of robbery, when evidence showed that the victim was killed by one robber (Robinson), not the defendant, returning to the house to shoot him after all had left, was prejudicial and damaging to the defendant and should result in reversal."

We see no error in the court's ruling on defendant's objection to this argument. He correctly overruled the objection, this because there was sufficient evidence to show that defendant was an accessory to the homicide.

The evidence to which we have alluded, supra, shows that Robinson in the presence of defendant, was importuned by one of the women to go back in the house and kill the victim, Pruett; and that defendant handed Robinson at the time the twenty-two pistol which Robinson used to slay Pruett. According to defendant's own testimony, he was attempting to get the gun out of his pocket when Robinson came to his assistance and helped him to get the gun.

In either event, defendant was making the weapon available to Robinson for use in committing the homicide. Under such circumstances defendant was an accessory in the light of Title 14, Sec. 14, Recompiled Code, 1958. Also see Lee v. State, 51 Ala.App. 332, 285 So.2d 495, cert. denied, 291 Ala. 787, 285 So.2d 500, wherein we cited and quoted from Jones v. State, 174 Ala. 53, 57 So. 31, and also referred to a pronouncement on the subject in Morris v. State, 146 Ala. 66, 41 So. 274, 280.

We have given careful consideration to the entire record in our search for error

prejudicial to defendant; we think it is free of error.

Counsel for defendant, as well as for the State, were quite diligent, at times somewhat overzealous, in presenting the case to the jury.

We think the judgment of guilt should be and it is affirmed.

The foregoing opinion was prepared by Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.