329 So.2d 158

Johnny SMITH, alias

v.

STATE.

3 Div. 448.

Court of Criminal Appeals of Alabama.

March 16, 1976.

Joseph T. Carpenter, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Ellis D. Hanan, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent here with appointed counsel, was indicted for murder in the first degree, convicted by a jury of this degree, and punishment fixed at life imprisonment. The indictment was in statutory form. Title 15, § 259(79), Code 1940.

The alleged homicide occurred at night, near 1:00 A.M., Saturday morning, May 17, 1975, in the city of Montgomery, Alabama, at a night spot, during the progress of a robbery. The victim was Henry Norman, Jr.

The evidence plainly shows that two men entered the tavern, where alcoholic beverages were sold, armed with pistols and after going to a restroom, returned to the assembly room with pistols drawn and ordered the few customers to lie down. They pistol whipped one reluctant customer, who, while drunk, treated the holdup as a prank. The robbers also threatened to kill them if they failed to lie down as ordered.

During the progress of this robbery, dramatic and conducted in western style, three shots were fired and a victim, Henry Norman, Jr., was discovered shot in the back with a .380 or 9 millimeter bullet in his back, less than a half block away. One of the customers heard him hollering, but Norman was found dead. The evidence indicates that one of the three bullets fired from the pistols during the robbery caused Norman's death.

One of the witnesses for the State, Jimmy Harmon, testified that he recognized appellant-defendant as one of the trio who entered the building with the two who entered the restroom and came out with pistols brandished and did the robbing. He did not know his name at the time, but remembered having gone to grammar school with him about fifteen years earlier. He remembered a scar on defendant's face. He identified defendant from "mug" shots in a book at the police department and there learned his name.

Aside from this lone identification of defendant, there was ample evidence of defendant's association earlier in the night, a short time before the robbery, with the two robbers and two others, and that defendant had a pistol. This association was social at the time. Defendant and the others went off, redressed in dark suits, and armed themselves with pistols. This was just a short time before 1:00 A.M., just prior to the robbery.

We note here that defendant did not take the stand, nor did he offer any evidence before the jury that disputed his identification as one of the trio, or more, engaged in the robbery. Neither did he offer any evidence denying the association of the three, and two others, just prior to the robbery and their possession of pistols.

While it does not appear from the evidence as to which one of the trio fired the pistols during the robbery, we think

the evidence was such that the jury could and did draw an inference that appellant was an accessory to the robbery and, therefore, guilty as a principal. Title 14, § 14, Recompiled Code, 1958; *Brown v. State,* 41 Ala.App. 641, 148 So.2d 255. Furthermore, every homicide committed in the perpetration of, or in an attempt to perpetrate, robbery (also naming other felonies) is murder in the first degree. Title 14, § 314, Recompiled Code, 1958. Where the homicide is not perpetrated under any of the particular circumstances and conditions enumerated in the statute (as in robbery), the taking of life must have been willful, deliberate, malicious and premeditated in order to constitute "murder in the first degree." *Coats v. State,* 253 Ala. 290, 45 So.2d 35.

We think and so hold that the evidence presented a jury question as to defendant's guilt of murder in the first degree. We decline to hold that the court's refusal to grant defendant's motion to exclude the evidence was error. The ruling was not error.

A second issue that appellant asserts is that the trial court in allowing a witness "to testify as to a conversation with a third party, and the conversation was not held in the presence or hearing of the defendant," was error.

Appellant refers to a verbal contact that Detective M. R. Holt had with Oscar Curry, one of the alleged robbers in the robbery here involved. None of the conversation was admitted or offered in evidence. It does not appear what the conversation was about, but the witness, after defendant's objection was overruled, testified in response to the State's question, that he arrested appellant. Appellant contends that the effect of the evidence was indirectly to allow Curry to testify that defendant was involved in the crime without subjecting Curry to cross-examination or impeachment.

We do not concur in this contention. For aught appearing, the officer could have been seeking the whereabouts of defendant in order to arrest him. Certainly it is not clear from the evidence as to what was the subject of that conversation, and properly, the court was careful not to admit into evidence the details of the conversation. We are unwilling to reverse on a speculative assumption, as defendant here asserts, that Curry accused defendant of being an accomplice and that the State intended so to impress the jury.

It is our opinion from our review of the record, which we have read in its entirety, and also from defendant's limited assertions of error, supra, that the defendant received a fair trial free of error.

The judgment is affirmed.

The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

AFFIRMED.

All the Judges concur.