[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 526 
The appellant was indicted for the first degree murder of Jonas Foster, Jr. A jury found him guilty of murder in the second degree and fixed punishment at ten years imprisonment. Judgment and sentence were accordingly and properly entered by the trial court. The appellant's retained trial counsel was appointed by the trial court to represent him on this appeal.
While the appellant asserts eight assignments of error in his brief, four general questions are present for our consideration: (1) Whether self-defense justified the killing; (2) whether the admission of a confession and the murder weapon constituted error; (3) whether the trial court gave the proper instructions on self-defense, veracity, and bad character; and (4) whether the court reporter's failure to provide a transcript in a timely manner resulted in irreparable harm to the defendant.
Shortly after midnight in the early morning hours of June 12, 1976, Jonas Foster, the deceased, stopped Robin Marie Mack, the sister of the appellant, along Day Street in Montgomery, Alabama. He asked her to make a telephone call for him and the two walked down to the G W Grocery Store where there was an outside telephone booth. As they were walking Ms. Mack saw her boyfriend, Morris Davis, and her brother, the appellant, sitting in a parked car. The appellant drove the automobile past Ms. Mack and Foster. Morris Davis called her by name and said something which she did not understand. As Foster and Ms. Mack continued walking, Davis and the appellant made a turn and followed them.
As Foster and Ms. Mack arrived at the grocery store Davis and the appellant drove up. Davis got out of the passenger's side of the car, came up to Foster and said, "Man ain't I told you about being with her." *Page 527 
Davis then "hauled off and hit" Foster knocking him to the ground. Foster pulled a pistol from his pocket and fired one shot at Davis. Davis knocked the pistol out of Foster's hand and ran behind his car and tried unsuccessfully to open the trunk. Foster came after Davis and the two began "tussling". As they struggled, Davis told the appellant to "shoot the m_____ f_____".
Although there was evidence that Ms. Mack had previously stated that the deceased pointed his pistol at the appellant before the appellant fired, at trial she testified that she never saw the deceased point his pistol at the appellant. She also testified that the appellant shot Foster five times in the back. A postmortem examination of the deceased revealed four gunshot wounds to Foster's body, two in the back, one on the side of the left shoulder, and another one in the front of the right shoulder. Death resulted from massive bleeding into the stomach area and the body cavities subsequent to multiple gunshot wounds to the back.
After the shooting Ms. Mack and Davis left together in the car and the appellant walked home. One week before his trial, the appellant threatened Ms. Mack about testifying.
The appellant took the witness stand and testified that at approximately 9:00 on the night of the shooting, he went home and got his pistol because he did not need to go off "naked" without it. The appellant stated that after Foster shot at Davis, Foster pointed the pistol in the appellant's face and pulled the trigger but the pistol only "clicked" and misfired. Examination of Foster's pistol revealed three live bullets, one of which had misfired. The appellant further claimed that he shot Foster five times after Foster attempted to shoot him. He denied shooting Foster in the back.
 I
The appellant initially contends that when the deceased used a pistol to fend off a simple assault he became the aggressor and the appellant was then entitled to meet Foster's force with a like degree of force. Additionally it is asserted that there is no evidence that the appellant and Davis were on a joint venture so as to make the appellant a principal in the assault by Davis.
If the appellant, in shooting the deceased is invoking the doctrine of self-defense in the protection of a third person, having had a knowledge of the circumstances, the appellant steps into the shoes of Davis. Griffin v. State, 229 Ala. 482,158 So. 316 (1954); Collier v. State, 49 Ala. App. 685,275 So.2d 364 (1973). The evidence is clear and without dispute that Davis was the initial aggressor. The right of self-defense does not imply the right of attack and a provoked attack is no defense.
 "And the general, if not the universal, rule is that one who slays another, to be justified or excused on the ground of self-defense, must have been without fault in provoking the difficulty, and must not have been the aggressor, and must not have provoked, brought on, or encouraged the difficulty, or produced the occasion which made it necessary for him to do the killing." Wharton, Homicide, p. 502.
A defendant, to avail himself of self-defense, must have been free from fault in provoking or bringing on the difficulty which resulted in the killing. It is not enough that in the course of the difficulty it became necessary for the defendant to kill the deceased in order to save his own life. For a list of cases so holding see 11 Alabama Digest, Homicide, 112 (11).
Davis, having provoked the difficulty, had no justification for killing the deceased. He could not provoke a quarrel, take advantage of it and then rely on self-defense as justification for the murder. Since Davis may not rely on self-defense neither can the appellant.
Alternatively, if the appellant maintains that he shot the deceased in self-defense, this was a question for the jury. There was evidence that the appellant shot the deceased in the back. There was conflicting *Page 528 
evidence that the deceased aimed his pistol and "clicked" his pistol at the appellant before the appellant fired five times in self-defense. This conflicting evidence presented a question for the jury. Graham v. State, Ala.Cr.App., 339 So.2d 110, cert. denied, Ala., 339 So.2d 114 (1976); Moore v. State,54 Ala. App. 22, 304 So.2d 263, cert. denied, 293 Ala. 768,304 So.2d 268 (1974). Additionally, it was for the jury to determine whether or not the appellant was aiding Davis when he shot the deceased. Brown v. State, 41 Ala. App. 641,148 So.2d 255 (1963); May v. State, 42 Ala. App. 401, 166 So.2d 860, cert. denied, 277 Ala. 700, 166 So.2d 865 (1963).
 II
A. The appellant argues the Miranda warnings given to the appellant immediately after his arrest while the accused was in front of his home were incomplete. On voir dire, in determining the voluntariness of the statement and confession made by the appellant, Detective Cecil Humphrey testified that he advised the appellant of the following constitutional rights from memory:
 "(W)e advised him he didn't have to answer any questions, that he could remain silent, that any questions he did answer would be used against him in court, that he had the right to have an attorney. If he couldn't afford an attorney, the court would appoint him an attorney."
After the trial judge ruled the confession admissible, Detective Humphrey testified before the jury that the appellant
 "was advised that he had a right to remain silent, that anything he said would be used against him in court, that he had the right to have a lawyer present while we talked to him. If he could not afford to hire a lawyer, one would be appointed. Anything he said would be used against him in court of law, and he had a right not to answer any questions."
Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966) requires that the accused be informed that
 "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." Miranda, 384 U.S. at 478-479, 86 S.Ct. at 1630.
Miranda recognizes that "a fully effective equivalent" may be substituted for these warnings. 384 U.S. 476, 86 S.Ct. 1629. No precise language is required in warning the accused of his constitutional rights so long as the substance of the required warning is given. Jones v. State, 47 Ala. App. 568, 570,258 So.2d 910 (1972). It is our conclusion that the accused was effectively advised of his constitutional rights upon his arrest.
B. After the appellant was arrested and advised of his constitutional rights, he was questioned on a public street in front of his house concerning the murder weapon. The evidence shows that there was no force, intimidation, or undue influence exerted against the appellant at this time or any time while he was in the custody of law enforcement officers. When asked about the weapon, the uncontradicted evidence shows that the appellant told two detectives that it was inside the house. The appellant was taken back in the house and retrieved his pistol from under a mattress in his bedroom and gave it to the detectives. This was not a search and no search warrant was required. Burrell v. State, 45 Ala. App. 664, 235 So.2d 913
(1970). The appellant testified that he carried the pistol for "protection" and kept it under the mattress in the room where he slept. There was no error in the admission of the murder weapon.
C. Also there was no error in the admission of the written confession of the appellant. The appellant was fully advised of his constitutional rights before the confession was made and signed a written waiver. Additionally the appellant took the witness stand and presented testimony substantially the same as the language of the confession. Payne v. State, 55 Ala. App. 181, 314 So.2d 100 (1975); Chandler v. State, 283 Ala. 29,214 So.2d 306 (1968). *Page 529 
 III
The appellant further contends that the trial court did not give the proper instructions on the issues of self-defense, bad character and veracity.
A. The appellant's contention that the trial judge charged the jury "in effect" that the defense must satisfactorily prove self-defense is without merit and not in accord with the actual charge given by the court. The issue of self-defense was a question for the jury and it was proper for the court to instruct the jury that one of the questions they must answer is "Was he (appellant) justified in doing what he did under the evidence?" Hayes v. State, 45 Ala. App. 108, 226 So.2d 168
(1969).
When the issue is present, the state must prove that the accused did not act in self-defense in the sense that the state must prove a prima facie case of unjustified homicide. However even if the evidence of self-defense is undisputed, the credibility of the defendant with respect to the evidence of self-defense is for the jury, and they may, in their discretion, accept it as true or reject it. Washington v.State, Ala.Cr.App., 339 So.2d 611, cert. denied, Ala.,339 So.2d 616 (1976); Moore v. State, 54 Ala. App. 22,304 So.2d 263, cert. denied, 293 Ala. 768, 304 So.2d 268 (1974).
B. The trial judge instructed the jury that the evidence of bad character brought out by the prosecution may refute the evidence of good character and that the weight to be accorded this evidence was for the jury. Although the state presented no evidence of the bad character of the appellant the given charge was not error for two reasons. Instructions containing abstract propositions of law which are inapplicable to the issues or facts are not ground for reversal, unless the party complaining may reasonably be regarded as having been prejudiced thereby.McPhearson v. State, 271 Ala. 533, 125 So.2d 709 (1961).
Additionally we note that the charge was given at the request of counsel for the appellant. Counsel may not base reversible error on his own actions in this situation.
C. The trial court properly refused the appellant's requested instruction on veracity. The same charge was substantially and fairly given to the jury in the court's oral charge.
 IV
Finally, it is asserted that the failure of the court reporter to provide a transcript in a timely manner in compliance with Rule 11 (b), Alabama Rules of Appellate Procedure, resulted in irreparable harm to the appellant and denied him equal protection under the law.
The responsibility for complying with the rules rests principally with the attorneys. It is the duty of counsel for the appellant to see that records pertaining to appeals are timely filed. Pope v. State, Ala., 345 So.2d 1385, 1387 (1976). Counsel's allegations of misconduct of the trial court in supervising its court reporters are unfounded and not supported by the record.
The penalty for failure to comply with the rules of appellate procedure is dismissal. Rule 2, ARAP. The state has not filed a motion to strike the transcript. In the interest of expediting decision, this court will not strike this appeal on its own motion.
Appellant's argument that different rules and standards should apply in the case of indigents than non-indigents is without merit as the Supreme Court of this state has noted.Pope, at 1387.
Our review of the record does not reveal any error. The judgment of the lower court is therefore
AFFIRMED.
TYSON, P.J., and HARRIS and DeCARLO, JJ., concur.
BOOKOUT, J., not sitting. *Page 530