Appellant was indicted by the December 1981 Mobile County Grand Jury on charges of burglary in the third degree, receiving stolen property, and theft of property. Appellant was arraigned on February 12, 1982, where he waived a reading of the indictment and entered a plea of not guilty. At appellant's trial on April 19, 1982, the State made a motion to nol-pros counts two and three (receiving stolen property and theft of property) of the indictment, which the trial court granted. The jury found appellant "guilty as charged in the indictment of burglary in the third degree." Appellant was sentenced to five years in the state penitentiary. This appeal followed. *Page 664 
Richard Oberkirk, whose residence was burglarized, testified that he lived with Michael Argiro in an apartment complex at 216 Riverbend Drive in Mobile County during October of 1980. After returning to his apartment on the morning of October 21, 1980, he found that his stereo had been taken, as well as some coins, jewelry and money. Mr. Oberkirk testified that he found no evidence of forced entry in that no windows were broken out and no doors had been pried open.
Michael Argiro testified that he shared the apartment at the Riverbend complex with Mr. Oberkirk at the time the burglary took place. Mr. Argiro testified that, on October 19, 1980, he came home and unlocked the front door of the apartment. He stated that, at the time he was unlocking and opening the apartment door, he was carrying a "bunch of things." The next morning on October 20, 1980, he discovered that he had left the keys in the apartment door the night before, since he could not find them anywhere in the apartment on the morning of October 20, 1980.
Mr. Argiro testified that the first time he saw appellant was on the Sunday night of October 19, 1980, when appellant knocked on his apartment door. He stated that appellant asked him several questions about who lived in the apartment. After they talked several minutes, appellant left. Mr. Argiro stated that, when the burglary was discovered, he found on the bedroom floor two of his six missing keys that had been on his key ring.
Anthony Pouyadore, the State's chief witness, testified that, on October 21, 1980, appellant, Wayne Webster, and he drove together in his car to Riverbend Apartments, where appellant led Webster and him to the door of a particular apartment in the complex and opened the door with a key. He stated that he and Webster then entered the apartment without permission from its occupants and removed several items. Mr. Pouyadore stated that, as he was leaving the apartment, two men who were residents in the apartment complex caught him and called the police. The State's evidence showed that Mr. Pouyadore was caught carrying a stereo receiver "wrapped in a pillow case" as he was leaving the apartment. Approximately fifteen minutes later, Wayne Webster was apprehended by the police and brought to the apartment complex. Mr. Pouyadore further stated that the three of them did not split the "loot," since two of them were caught and therefore, never had the chance.
At this time the State rested its case. Defense made a motion to exclude, since there was no evidence showing that appellant ever entered the building or remained unlawfully in Mr. Oberkirk's apartment. The trial court overruled said motion.
Appellant then took the stand and testified that he knew someone who lived in the burglarized apartment before Mr. Argiro and Mr. Oberkirk lived there. He stated that he did not know they had moved. Appellant testified that he went to Mr. Argiro's and Mr. Oberkirk's apartment and asked if a "Rusty" or "Bill Hill" lived there. Receiving an answer of "no," he left. He denied ever getting a key to the apartment, or ever giving anyone a key to the apartment, or ever going to the burglarized apartment with the two other co-defendants on the day of the burglary. When asked what he was doing at the time of the burglary, appellant could not recall.
However, appellant testified that, on the day of the burglary, he saw some people apprehend Webster and Pouyadore in his neighborhood. Appellant's mother testified that her son lived with her and their home was located approximately five hundred yards from the Riverbend Apartment complex where the burglary took place.
Richard Oberkirk testified on further direct examination that his stereo had been taken from his apartment and was later recovered when Webster and Pouyadore were apprehended leaving his apartment on the day of the burglary. He also stated that Richard Alexander lived in his apartment before he did.
Willie Allen, a Mobile city policeman, testified that he saw appellant on October 21 or 22 of 1980 at the Mobile County Youth *Page 665 
Center, where appellant made a statement after being advised of his Miranda rights. Officer Allen stated that appellant understood the rights accorded him, and that no promise, hope of reward, or threat was made to induce the statement. Officer Allen testified that he wrote down what appellant said, and it was to the effect that some guy had called him and said, "Let's get into something." Officer Allen stated that appellant told him that he carried some guys to the Riverbend Apartment complex and dropped them off; he did not go in the apartment that was burglarized; but that he came back and picked one of them up. Soon thereafter he was apprehended by the police.
Appellant specifically contends that the State's evidence was insufficient to prove that he or his accomplices ever knowingly entered or remained unlawfully in the apartment of Richard Oberkirk.
As set out in § 13A-7-7, Code of Alabama (1975), as amended in 1981, "a person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." The crime of burglary may be proved by circumstantial evidence where such circumstantial evidence presents a jury question. Wallace v.State, 52 Ala. App. 331, 292 So.2d 140 (Ala.Cr.App. 1974). The corpus delicti is a fact, proof of which may be shown by circumstantial evidence, and, if there is a reasonable inference to prove its existence, the Court should submit to the jury for consideration the question of the sufficiency and weight of the evidence tending to support that inference.Godfrey v. State, 333 So.2d 182 (Ala.Cr.App. 1976); Burlison v.State, 369 So.2d 844 (Ala.Cr.App. 1979).
In the present case, Anthony Pouyadore was apprehended outside an apartment carrying a stereo that was identified as belonging to, and coming from the apartment of, Richard Oberkirk. Mr. Oberkirk testified that he had never given anyone permission to enter his apartment or to take his stereo, and his roommate testified to the same. Furthermore, Mr. Pouyadore was caught leaving the apartment complex with Mr. Oberkirk's stereo concealed in a pillow case. Under Alabama law, when a breaking and entering is shown by the evidence and it appears that, at the time of breaking, certain property was stolen which is later found in possession of defendant, this, if unexplained to the satisfaction of the jury, would be sufficient to support a judgment of guilt. Pugh v. State,376 So.2d 1135 (Ala.Cr.App. 1979).
Under § 13A-2-23, Code of Alabama (1975), as amended in 1981, "a person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense: (1) he procures, induces or causes such other person to commit the offense; or (2) he aids or abets such other person in committing the offense. . . ." The testimony of Mr. Pouyadore established that Wayne Webster, appellant, and he went to Riverside Apartments, where appellant led Mr. Pouyadore and Mr. Webster to the door of a particular apartment and opened the door with a key. Mr. Pouyadore stated that he then entered the apartment without permission from its occupants and removed several items. Officer Allen of the Mobile Police Department testified that appellant, after being advised of his rights, made statements in which he admitted that he had taken some "guys" to the Riverside Apartments in order "to get into something." Appellant also admitted going to Mr. Oberkirk's apartment two nights before the burglary on October 19, 1980, and was unable to account for his whereabouts on the morning of October 21, 1980, the day of the burglary.
This court is required to view the evidence in the light most favorable to the State, Bass v. State, 55 Ala. App. 88,313 So.2d 208 (1975), and not substitute its judgment for that of the jury. Cumbo v. State, 368 So.2d 871 (Ala.Crim.App. 1978). Where the evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the State's evidence, the refusal to give the affirmative charge and the overruling of a motion for a new trial, *Page 666 
do not constitute error. Stewart v. State, 405 So.2d 402
(Ala.Cr.App. 1981).
Appellant further contends that the testimony of Anthony Pouyadore, an accomplice as a matter of law, linking him with the burglary was not sufficiently corroborated as required under § 12-21-222, Code of Alabama (1975).
The corroboration of an accomplice must tend to connect the accused with the commission of the crime but need not refer to any statement of fact testified to by the accomplice. "Corroborate" means to strengthen, to make stronger; to strengthen, not the proof of any particular fact to which the witness had testified, but to strengthen the probative, criminating force of his testimony. Andrews v. State,370 So.2d 320 (Ala.Cr.App. 1979), cert. denied; 370 So.2d 323 (Ala. 1979). It is not necessary that such evidence be direct and conclusive; circumstantial evidence from which the guilt of the defendant can reasonably be inferred is sufficient.Merriweather v. State, 364 So.2d 374 (Ala.Cr.App. 1978), cert. denied, 364 So.2d 377 (Ala. 1978).
The State presented evidence establishing the fact that appellant was in the general vicinity of the Riverbend Apartment complex when the burglary took place and that he had visited the burglarized apartment two days prior to the burglary, the moment in time that Mr. Argiro testified he apparently left his apartment key in the door. Furthermore, the failure of appellant to account for his whereabouts on the day of the burglary, the fact that he admitted being in the general vicinity at the time of the burglary, and his statements admitting that he had driven the two other accomplices to the Riverbend Apartment complex "to get into something" were sufficient to corroborate the testimony of Mr. Pouyadore. Evidence corroborating the testimony of an accomplice need not be strong, nor sufficient in and of itself to support a conviction. Its sufficiency is tested by whether it legitimately tends to connect the accused with the offense.Currington v. State, 342 So.2d 390 (Ala.Cr.App. 1976).
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.