BOWEN, Presiding Judge.
James Christopher Adams, the appellant, was convicted of burglary of an automobile and third degree burglary. He was sentenced to concurrent terms of three years’ imprisonment (split with six months to serve and the remainder on probation). He raises two issues on this appeal from those convictions.
I.
The appellant objects to the manner in which the jury venire was empaneled on the ground that there was no random selection of veniremembers as required by Ala. Code 1975, § 12-16-74 and § 12-16-100.
*139 The record shows that the venire in this case contained too many members and that, essentially, the trial court excused those members who did not want to serve in order to reduce the venire membership to 24. Here, the veniremembers were drawn and excused on a “nonselective basis” in accordance with § 12-16-100. Here, the trial court did not “select” or single out which members to excuse. See Lynn v. State, 543 So.2d 704, 706 (Ala.Cr.App.1987), affirmed, 543 So.2d 709 (Ala.1988), cert. denied, 493 U.S. 945, 110 S.Ct. 351, 107 L.Ed.2d 338 (1989). The appellant has failed to demonstrate that the trial court abused its discretion in excusing any member of the venire.
II.
The appellant’s conviction for third degree burglary must be reversed and rendered because the evidence is insufficient to support that conviction.
The State’s evidence shows that sometime after 7:00 on the night of May 20, 1991, David Mays Mobile Homes was burglarized. A camera was among the items taken in that burglary. At 3:00 on the morning of May 21, the police, responding to the report of an automobile burglary in progress, discovered the appellant and Bobby Bales hiding in a tree a short distance from the burglarized automobile. A flashlight, gloves, a pair of wirecutters and a screwdriver were discovered near the tree. The owner of the car identified the appellant and Bales as the two men she had observed “trying to break” into her car.
Bobby Bales’s Honda automobile was discovered near the scene of the automobile burglary. The camera taken in the mobile home burglary was discovered inside Bales’s Honda. A police officer testified that he “noticed a camera laying in the vehicle” but he did not “recall exactly where it was in the vehicle.” R. 88-89. There was no evidence that any of the other items taken in the mobile home burglary were found in Bales’s Honda.
In a statement to the police, the appellant in effect claimed that he and Bales were going to burglarize the automobile but that they were discovered before they ever touched the vehicle. When asked to give the time they left Bales’s residence, the appellant stated, “About two o’clock two thirty we seen that car and we pulled behind that building and walked down there.” CR. 18. In his statement to the police, Bales implicated the appellant in the automobile burglary but was not questioned about the burglary of the mobile home.
After defense counsel made a motion for a directed verdict of acquittal “on the count of burglary of the David Mays Mobile Homes,” the circuit court “apologize[d] for not listening to the evidence as well as [he] should have,” and “agree[d] that that's awfully close.” R. 132-34.
Here, the State failed to connect the appellant to the mobile home burglary. The trial court should have granted the appellant’s motion for verdict of acquittal on the charge of burglary in the third degree.
A defendant’s possession of recently stolen property may give rise to a presumption that the defendant was involved in the theft of that property. Ex parte Campbell, 574 So.2d 713, 716 (Ala.1990). “Under Alabama law, when a breaking and entering is shown by the evidence and it appears that, at the time of breaking, certain property was stolen which is later found in possession of defendant, this, if unexplained to the satisfaction of the jury, would be sufficient to support a judgment of guilt.” McConnell v. State, 429 So.2d 662, 665 (Ala.Cr.App.1983).
However, here, the appellant was never shown to have been in possession of the stolen camera. The appellant was not in the exclusive possession of the vehicle in which the camera was discovered nor was he shown to be the driver of that vehicle. Compare Burlison v. State, 369 So.2d 844, 849 (Ala.Cr.App.), cert. denied, 369 So.2d 854 (Ala.1979); English v. State, 38 Ala. App. 377, 379, 84 So.2d 673, 674 (1956). There was no indication that the appellant had any knowledge of either the existence of the camera in the automobile or of the fact that the camera was stolen. A camera *140 is not immediately identifiable in and of itself as being an item of contraband. There was no showing that the appellant had been with Bales before or during the mobile home burglary. Under these circumstances, the mere presence of the appellant in the automobile was not sufficient to establish his possession of the stolen camera. See Ex parte Story, 435 So.2d 1365, 1366 (Ala.1983) (“the mere presence of a defendant in an automobile containing contraband is not sufficient in and of itself to support a conviction for possession of a controlled substance”).
The appellant’s conviction for burglary in the third degree is reversed because the State failed to present a prima facie case of the charged offense. That conviction must also be rendered. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The appellant’s conviction for the burglary of an automobile is affirmed.
AFFIRMED, IN PART, REVERSED AND RENDERED IN PART.
All Judges concur.