KELLUM, Judge.
The appellant, Kathleen Mary Kings, was convicted in Baldwin District Court of one count of third-degree domestic violence based on harassment, a violation of § 13A-6-132, Ala.Code 1975. Kings appealed to the Baldwin Circuit Court for a trial de novo, pursuant to Rule 30.1, Ala. R.Crim. P. The jury returned a verdict finding Kings guilty of third-degree domestic violence. The trial court sentenced Kings to 30 days in the county jail; however, the trial court suspended that sentenced and placed Kings on 6 months’ unsupervised probation. Kings was also ordered to pay a $250 fine, a $25 assessment to the crime victims compensation fund, and court costs.
The evidence presented at trial demonstrated the following pertinent facts: Kathleen Mary Kings, the appellant, and Ann Kings Fraley, the victim, are sisters. The incident in question occurred at the home of their mother, Marjorie Kings. On March 20, 2007, Fraley went to her mother’s house to deliver a present. While Fraley was standing in the front yard, Kings approached Fraley and began taunting her with a bracelet that belonged to Fraley. Apparently, Kings, who lived with their mother at this house, found a bracelet belonging to Fraley inside her mother’s house. Fraley testified that the bracelet and the eharms/medallions attached to it had great sentimental value to her because her grandmother had given her one of the medallions before she died. According to Fraley, Kings waived the bracelet in front of Fraley’s face and refused to return the bracelet to Fraley when she asked Kings to do so. Kings stepped inside her car and Fraley followed her. A physical altercation ensued in which Kings repeatedly kicked Fraley in the chest. When Kings kicked Fraley in the chest, the necklace Fraley was wearing at the time caused multiple cuts on Fraley’s chest. Fraley telephoned 911 for assistance, and the police arrived at the scene soon thereafter.
After both sides rested and the trial court instructed the jury on the applicable law, the jury convicted Kings of one count of third-degree domestic violence. Kings appealed.
On appeal, Kings argues that the trial court erroneously denied her motion for a judgment of acquittal made at the close of the State’s evidence. Specifically, Kings contends that § 13A-6-132 does not encompass conduct occurring between siblings. Alternatively, Kings argues, even if the statute is applicable to siblings under the “present or former household member” provision of the statute, the State failed to present evidence tending to show that Kings and the victim were “present or former household members.”
“ ‘ “ ‘In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution.’ ” Ballenger v. State, 720 So.2d 1033, 1034 (Ala.Crim.App.1998), quoting Faircloth v. State, 471 So.2d 485, 488 (Ala.Crim.App.1984), aff'd, 471 So.2d 493 (Ala.1985). “ ‘The test used in determining the sufficiency of *164 evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt.’ ” Nunn v. State, 697 So.2d 497, 498 (Ala.Crim.App.1997), quoting O’Neal v. State, 602 So.2d 462, 464 (Ala.Crim.App.1992). “ ‘When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit [the case] to the jury, and, in such a case, this court will not disturb the trial court’s decision.’ ” Farrior v. State, 728 So.2d 691, 696 (Ala.Crim.App.1998), quoting Ward v. State, 557 So.2d 848, 850 (Ala.Crim.App.1990). “The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.” Ex parte Bankston, 358 So.2d 1040, 1042 (Ala.1978).
“ ‘ “The trial court’s denial of a motion for judgment of acquittal must be reviewed by determining whether there was legal evidence before the jury at the time the motion was made from which the jury by fair inference could find the defendant guilty. Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978). In applying this standard, this court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala.Cr.App.1983). When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for judgment of acquittal does not constitute error. McConnell v. State, 429 So.2d 662 (Ala.Cr.App.1983).” ’
“Gavin v. State, 891 So.2d 907, 974 (Ala.Crim.App.2003), quoting Ward v. State, 610 So.2d 1190, 1191 (Ala.Crim.App.1992). See also, Ward v. State, 814
So.2d 899, 908-910 (Ala.Crim.App.2000). Hollaway v. State, 979 So.2d 839, 843 (Ala.Crim.App.2007).
Section 13A-6-132(a), Ala.Code 1975, provides that a person commits domestic violence in the third degree if she “commits the crime of harassment pursuant to subsection (a) of Section 13A-11-8” and the victim is “a current or former spouse, parent, child, any person with whom the defendant has a child in common, a present or former household member, or a person who has or had a dating or engagement relationship with the defendant.” Kings challenges only the sufficiency of the State’s evidence with respect to the “present or former household member” element of third-degree domestic violence.
The dispositive issue on appeal is whether the State presented sufficient evidence tending to show that Kings and Fraley currently live, or formerly lived, in the same household. After reviewing the evidence before us, we are forced to conclude that the State failed to present sufficient evidence tending to show that Kings and Fraley currently lived in the same household or that they formerly lived in the same household. The State presented evidence at trial indicating that Kings lived with her mother at the house where the incident occurred. The State presented no evidence indicating that Fraley lived in the same house with Kings and their mother at the time of the incident. Furthermore, the only evidence presented by the State that could remotely demonstrate that Fra-ley and Kings formerly lived in the same household was the mother’s testimony that *165 Kings found Fraley’s bracelet in the trash at the mother’s residence. The mere fact that one of Fraley’s possessions was found at her mother’s residence does not support the inference that Fraley and Kings formerly lived in the same household. Furthermore, evidence indicating that Fraley and Kings are sisters does not, by itself, support an inference that they formerly lived in the same household. Thus, the State did not present sufficient evidence showing that Fraley and Kings were former or current household members under § 13A-6-132. Thus, we have no choice but to conclude that the State failed to prove that Kings committed domestic abuse in the third degree.
Based on the foregoing, Kings’s conviction for domestic violence in the third degree is reversed and a judgment is rendered in favor of Kings.
REVERSED AND JUDGMENT RENDERED.
WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.