280 So.2d 192

**Michael Leroy HEGMON**

v.

**STATE.**

**1 Div. 362.**

Court of Criminal Appeals of Alabama.

June 26, 1973.

Delano J. Palughi, and Peter J. Palughi, Mobile, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment charged appellant with the larceny of thirty-eight assorted men's and women's diamond rings, of the aggregate value of seven thousand five hundred dollars, the personal property of H & W Pawn Shop. The jury found the appellant guilty as charged, and judgment set sentence at six years imprisonment.

Mrs. Louise Gordon Floyd, the first witness for the State, testified that on April 13, 1972, two men came into the H & W Pawn Shop where she was employed.

While one of the men was attempting to redeem his pledge, the other man grabbed a tray of thirty-eight rings and then fled the store. She stated that she could only identify the man who attempted to redeem his pledge, not the man who fled with the tray. The State's case against the appellant rests on the proof that he was the unidentified man. All but eleven rings were later recovered.

Deputy Sheriff Beck testified that on April 14, 1972, he and other deputies were in an unmarked police car parked at a Texaco service station at the intersection of I-65 and Highway 45 near Mobile. He stated that three men, one of whom was the appellant, got out of a '65 or '66 Buick and entered the service station. From a purple leather pouch hung at his side, the appellant produced a paper bag and put it down on a desk in the station. The deputies immediately entered the station, arrested all of the men and looked into the bag where they found the missing diamond rings with tags attached. The appellant was advised of his *Miranda* rights (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694), and was then taken to the police station. There he was again advised of these rights, signed a waiver thereof, and allegedly orally admitted his participation in the larceny in question.

I

The appellant argues that the allowance of his oral confession in evidence was error since the State had not laid the proper predicate to show that the appellant voluntarily waived his constitutional rights before making the statement.

Deputy Tillman, on direct examination, stated that neither he nor anyone to his knowledge had threatened, intimidated, coerced, offered any reward or hope of reward, or inducement to the appellant in order to obtain a statement. Further, he stated that appellant was given a full *Miranda* warning, at the service station when he was placed under arrest and also at the

police station. The appellant signed a waiver as set out below:

"PLACE Mobile Sheriff Dept

DATE 4-14-72

TIME 12:30 P.M.

"Before we ask you any questions, you must understand your rights.

"You have the right to remain silent.

"Anything you say can and will be used against you in Court.

"You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

"If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

"If you decide to answer questions now without a lawyer present you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

"WAIVER OF RIGHTS

"I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises, threats, or inducements have been made to me and no pressure or coercion of any kind has been used against me.

"Signed /s/ Michael Leroy Hegmon

"Witness /s/ L. W. Tillman

"Witness /s/ Lewis Driggers

"Time 12:40 P.M.

"State Ex. 1 for Id

"9/26/72 In Ev.

"BWA

  *    *    *    *    *    *

"Q All right, Detective Tillman, if you would, tell us the substance of that statement.

"Mr. PALUGHI: Judge, I object on the grounds that the proper predicate has not been laid to any alleged statement.

"THE COURT: Overruled.

"MR. PALUGHI: Except."

Tillman then stated that appellant made an oral statement to him. The following excerpt from the record establishes that statement:

"Q You can tell us.

"A He stated that him and Zad Jimmy Dial had gone there previous, a couple of days  .  .  .

"Q Gone where?

"A To the H. & W. Pawn Shop previous, a couple of days ago prior—I mean prior to the arrest date, and had pawned a watch. I believe it was a Waltham Watch, man's watch, and to just look over the place and see what the set up was, and that they had arranged for them to go back on the 13th of April and they went back and while he got—while Zad got her attention that he would grab the tray of rings and run out the door, and they would meet on down the road, and he stated to me that this is exactly what they had done, that Zad got the woman to look at some luggage which was up high, overnight type luggage, and while she was busy out of position reaching up trying to get the luggage or to look at the price tags on it, that that's when he grabbed the tray of rings and run out the door.

"Q Is that the substance of his statement at that time?

"A Yes, sir. Well, he said that they had met and they had made the deal at the Texaco station the next day."

The appellant does not deny making the statement but maintains that he did so be-

cause of the threat of a high bond being set by Officer Tillman or some other police officer. This is the only evidence put forth by the appellant to contradict the voluntary nature of the confession. In Guenther v. State, 282 Ala. 620, 213 So.2d 679, cert. den. 393 U.S. 1107, 89 S.Ct. 916, 21 L.Ed.2d 803, the Alabama Supreme Court held:

"The true test of voluntariness of extra-judicial confessions is whether, under all the surrounding circumstances, they have been induced by a threat or a promise, express or implied, operating to produce in the mind of the prisoner apprehension of harm or hope of favor; and if so, whether true or false, such confessions must be excluded from the consideration of the jury as having been procured by undue influence. Womack v. State, 281 Ala. 499, 205 So.2d 579. . . ."

█ This Court cannot infer from the evidence that appellant was mistreated, or placed in a state of fear, or confusion, which would have tended to coerce the statement. In cases of this type, the trial judge is in a better position to pass on the voluntariness of the confession.

The appellant was advised of his pre-*Miranda* and *Miranda* rights, and the only evidence in the record to indicate that the confession was not voluntary was the appellant's own statement concerning the threat of a high bond.

█ The trial court's determination that the appellant's statement was voluntary is adequately supported by the facts. Shewey v. State, 48 Ala.App. 730, 267 So.2d 520; Bills v. State, 49 Ala.App. 726, 275 So.2d 706.

█ This determination was made after voir dire examination of the officers and the appellant by request of the appellant in the presence of the trial jury. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908. The trial judge therefore properly admitted the appellant's alleged statement into evidence. Duncan v. State, 278 Ala. 145, 176 So.2d 840; Vincent v. State, 284 Ala. 242, 224 So.2d 601; State v. Wilbanks, 289 Ala. 166, 266 So.2d 619.

II

The appellant has raised the issue on this appeal, that testimony relating to the identity of the rings allegedly found on appellant's person, was the result of an illegal search and seizure and thus should not have been introduced at trial. The State did not introduce the rings at trial.

On direct examination of Deputy Tillman, the following occurred:

"Q  All right, sir. What, if anything, did you do at that time?

"A  That's when I immediately went in and placed him under arrest.

"Q  All three of them?

"A  Yes, sir.

"Q  All right, sir, and did you look at the contents of that bag?

"A  Yes, sir, I did.

"Q  And do you know what the contents were?

"A  Yes, sir.

"Q  What was it?

"A  Twenty-seven rings, men and women's.

"Q  Do you recall anything else about the rings.

"A  Yes, sir, they all had tags on them. They had, looked like an account number and the price of the rings, the value of the rings."

To this the appellant objected on the basis of the best evidence rule.

Moreover, the owner of the H & W Pawn Shop, Mr. Byron Keith Salter, was allowed to testify that the rings recovered by the deputies were the same rings stolen from his pawn shop. To this testimony, the appellant did not object.

■ It is clear that since Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933, both tangible evidence and oral testimony relating to the evidence obtained by an illegal search and seizure must be excluded.

■ It thus appears from this record that at no time was there an objection to either Officer Tillman's testimony or the pawn shop's owner's testimony on the basis of an unlawful search and seizure. Therefore, since the testimony itself was received relating to the missing items without proper objection, no error resulted under our opinion in Carpenter v. State, 42 Ala.App. 618, 74 So.2d 336.

### III

■ There is no support for the argument that the confession was inadmissible due to the fact that the appellant's arrest was without probable cause and thus unlawful. The appellant made no motion challenging the legality of his arrest, and we cannot infer from the facts in the record that the appellant's arrest was not in fact legal. But even hypothesizing that the appellant's arrest was without probable cause, there is still no grounds for reversible error. It is irrefutable that this State's cases establish the rule "that even if an individual is illegally detained, such detention in itself does not render a confession obtained during such detention inadmissible." King v. State, 49 Ala.App. 111, 269 So.2d 130. See Bridges v. State, 284 Ala. 412, 225 So.2d 821, and cases cited therein.

We have carefully examined this record as required by Title 15, Section 389, Code of Alabama 1940, and find same to be free from error. The judgment is therefore due to be and the same is hereby

Affirmed.

ALMON, HARRIS, and DeCARLO, JJ., concur.

CATES, P. J., not sitting.