372 So.2d 32 (1979)
In re Brian Keith BALDWIN
v.
STATE of Alabama.
Ex parte Brian Keith Baldwin.
78-127.
Supreme Court of Alabama.
June 1, 1979.
*33 Windell C. Owens and Paul M. Harden, Monroeville, for petitioner.
Charles A. Graddick, Atty. Gen., and J. Anthony McLain, Asst. Atty. Gen., for the State, respondent.
TORBERT, Chief Justice.
Petitioner was convicted of the capital felony of robbery when the victim is intentionally killed by the defendant and was sentenced to death by electrocution. We granted certiorari to review the decision of the Court of Criminal Appeals affirming Baldwin's conviction. The facts as set forth in the opinion of the Court of Criminal Appeals, are as follows:
The victim of the appellant's vicious crime was a sixteen-year-old girl named Naomi Rolon. On November 25, 1976, she was driving across town in Hudson, North Carolina, to visit her father who was in a local hospital. She was abducted before reaching her destination by the appellant and his companion, Edward Horsley, both of whom were escapees from a North Carolina prison camp at the time. They took control of her automobile and drove to Charlotte, North Carolina, where they attempted to rape her and to choke her to death. They stripped her of all her clothing except her shoes and socks. She was stabbed with a knife in various parts of her body and then locked in the trunk of the automobile she had been driving. Baldwin and Horsley then drove the car through South Carolina to Atlanta, Georgia, where they spent the night. They next drove through Montgomery, Alabama, on Interstate Highway 85 and then proceeded to Camden, Alabama, located in Wilcox County. The victim remained locked in the trunk of the car during the entire trip.
In Camden, the appellant stole a pickup truck which contained a hatchet. Horsley drove the automobile, and the appellant drove the truck to an isolated spot in Monroe County. There they removed the victim from the trunk of the car, and Horsley attempted to run the car over her. After several unsuccessful attempts to kill the victim with the automobile, the appellant took the hatchet from the trunk and killed her with a blow leaving a gaping wound in the base of her neck. The two killers were later arrested in Lanett, Alabama, where they were traveling in the stolen truck. The automobile tag from the victim's car was found in the truck which appellant was driving. Both were transported to the Wilcox County Jail on the truck theft charge.
The only issue presented for review is whether the State of Alabama had jurisdiction to try the offense. Petitioner contends that the robbery took place outside of Alabama and the killing took place within Alabama; therefore, the venue of the crime of robbery was not within the state and there was no jurisdiction to try petitioner in Alabama so the verdict of the jury and judgment of the trial court are void. We disagree.
The crime of robbery when the victim is intentionally killed is a single offense beginning with the act of robbing or attempting to rob and culminating with the act of intentionally killing the victim. The offense consists of two elements, robbing and intentionally killing, but does not consist of two separate offenses. See Ex parte Clements, 370 So.2d 723 (Ala.1979); Horsley v. State, [1 Div. 931] (Ala.Crim.App. 1978). Therefore, although the offense was commenced in North Carolina, it was not consummated until Naomi Rolon was killed in Monroe County, Alabama.
The place where the crime was consummated is the place where the crime was committed and the place where the defendant may be tried. 21 Am.Jur.2d Criminal Law § 399, at 416. Section 15-2-4 provides:
When the commission of an offense commenced elsewhere is consummated within the boundaries of the state of Alabama, the offender is liable to punishment in Alabama, although he was out of *34 the state at the commission of the offense charged, if he consummated it in this state through the intervention of an innocent or guilty agent or by any other means proceeding directly from himself; and venue in such case is in the county in which the offense was consummated, unless otherwise provided by law.
§ 15-2-4, Code 1975.
Accordingly, venue did lie in Monroe County and petitioner was properly tried and convicted. The decision of the Court of Criminal Appeals is affirmed.
AFFIRMED.
BLOODWORTH, MADDOX, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
JONES, J., concurs in the result.
BEATTY, J., dissents.
JONES, Justice (concurring in the result):
I concur in the result to affirm. I see no necessity to deal with what I perceive as a purely academic exercise: Whether the capital offense here charged is one or two offenses. It is one offense in the sense that both robbery and intentional killing must co-exist to constitute the capital offense contemplated by the Death Penalty Statute. In another aspect, it is two separate and distinct offenseseach of which must be charged, instructed upon, and all the elements of which must be found as a prerequisite to a guilty verdict on the capital offense charged.
The point is this: It is unimportant whether it is denominated one offense comprised of two elements, or two offenses1) intentional killing in the course of 2) robbing the victim. The disposition of this appeal in no way depends upon the one offense/two offenses dichotomy. As the opinion of the Court of Criminal Appeals points out, the offense of robbery was consummated in Alabama and the offense of intentional killing was consummated in this State. There is no jurisdictional problem.
BEATTY, Justice (dissenting):
For the reasons expressed in my dissent in Horsley v. State, ___ So.2d ___ (Ala. 1979), I also dissent in this case.