BOOKOUT, Judge.
Second degree assault; sentence: twenty years’ imprisonment.
The appellant shot J. T. Lee at an all-night barber shop in Dothan, Alabama. Harmon Grimsley, proprietor of the barber shop, testified that while he was working during the early morning hours of February 9, 1980, he saw the appellant and Lee suddenly run toward the front door from the back room of his shop where he kept a jukebox. Lee was chasing the appellant, and when the appellant reached the front door he quickly turned around and fired a small black pistol twice. Appellant fled from the scene of the crime, and an ambulance arrived to carry the victim to the hospital. Grimsley did not hear an argument between the appellant and Lee that night prior to the preceding events and stated that, instead, they were friends.
Jackie Mendhem, a detective with the Dothan Police Department, investigated the incident. He reached the barber shop soon after the 1:30 a. m. shooting and asked Grimsley if he knew the person who shot J. T. Lee. Grimsley told him that the man’s name was Henry. Although he could not remember Henry’s last name, he added that the man “went with Jackie Neal.” Since Mendhem knew Jackie Neal and was also aware that the appellant “went with her,” he drove to the appellant’s home arriving sometime between 3:00 and 3:30 a. m. After positioning another officer at the back door of appellant’s residence, Mendhem knocked repeatedly on the front door, but there was no response. The detective testified that he heard movements inside as he entered appellant’s home. Mendhem stated that the appellant was alone in the house and that he found appellant in bed. As appellant sat up in his bed, Mendhem shined his flashlight into appellant’s eyes and ordered him to “freeze right there.” The *1078 detective informed the appellant that he was under arrest and searched the tangential area. He discovered a small pistol under appellant’s pillow which contained three live rounds and two shells.
Mendhem transported the appellant to the police station. After repeating the Miranda warnings there, the appellant explained that “they were playing the rock-ola and that he had pushed the button on J. T.’s quarter and J. T. had gotten mad.” The appellant told Mendhem that they pushed each other around, that both started to run, and that he then turned around and shot Lee.
Appellant was charged with assault in the first degree. Neither the appellant nor the victim testified. In fact, the only testifying witnesses were Grimsley and Detective Mendhem.
I
Appellant claims that the trial court committed reversible error by denying his motion to suppress Detective Mendhem’s testimony concerning the pistol found in appellant’s home and appellant’s subsequent confession. Appellant insists that they are both “fruits” of an illegal warrantless arrest.
In Clements v. State, Ala.Cr.App., 390 So.2d 1131, cert, denied, Ala., 390 So.2d 1136, this court said:
“Payton v. New York, 445 U.S. 573,100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), prohibits the police from making a warrantless and nonconsensual entry into a suspect’s home in order to make a routine felony arrest. Since the major purpose of Pay-ton is ‘to deter official invasions of individual privacy protected by the Fourth Amendment’ and not ‘to overcome an aspect of the criminal trial that substantially impairs its truthfinding function,’ we hold that Payton is not retroactive for the reasons stated in Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971).”
The instant search would fall clearly within the prohibition of Payton, supra, except that the offense here occurred on February 9, 1980, while Payton was not decided until April 15, 1980. However, even assuming the arrest to be illegal, it does not necessarily follow that testimony concerning the pistol and the confession were illegally admitted into evidence in the instant case.
A
Detective Mendhem’s testimony concerning the pistol found under the appellant’s pillow was as follows:
“Q. Was Mr. Reynolds at his house?
“A. Yes, sir.
“Q. Did you arrest Mr. Reynolds at his house?
“A. Yes, sir.
“Q. Did you advise him of his rights at that time?
“A. Yes, sir.
“Q. Where was Mr. Reynolds when you went into the house?
“A. In bed.
“Q. Did you search his bed and the surroundings when you arrested him?
“A. I told him to be still and searched where he was sitting.
“Q. Did you find anything within arm’s length of his immediate surroundings?
“A. I found this pistol under his pillow.”
Much later in the trial, appellant made the following objections:
“MR. HOLLOWAY: At this time I object to any statement introduced or made on behalf of my client, especially if he is testifying from this record here and my client has not had an opportunity to read that statement, or verify that statement.
“Furthermore, there was ample time to get a warrant of arrest and I think a search warrant, or an arrest warrant would have been appropriate before going into the home, and any statements from that.”
The court of appeals concluded in Carpenter v. State, 42 Ala.App. 618, 174 So.2d 336 (1965), that not only physical evidence obtained by an unreasonable search and seizure must be excluded, but also oral testimony concerning such evidence which is *1079 also obtained as a result of the unreasonable search and seizure. However, the record clearly shows that Detective Mendhem testified about the pistol seized without any objection being raised by the appellant. In fact, counsel for the appellant objected to the illegal arrest only when Mendhem was later requested to divulge the nature of appellant’s confessory statement.
This court has repeatedly held that while a defendant in a criminal prosecution has the right to insist that only competent evidence be introduced against him, he may waive that right by failing to make timely and proper objections. Hegmon v. State, 50 Ala.App. 486, 280 So.2d 192 (1973); Carpenter, supra. Since evidence concerning the pistol was submitted to the jury without objection, the appellant waived his right to raise that issue at a later point in the trial.
B
Our court recently recognized that a warrantless arrest based upon probable cause does not necessarily vitiate a confession obtained by the police thereafter. Dejnozka v. State, Ala.Cr.App., 397 So.2d 240 [1981], See also Hegmon, supra, and King v. State, 49 Ala.App. 111, 269 So.2d 130 (1972). This court in Dejnozka cited Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), wherein the United States Supreme Court found that the petitioner’s incriminating statements offered during a warrantless detention were “unaffected by the initial illegality.” Following those authorities, we hold in the instant case that even had appellant’s voluntary confession come after an unlawful arrest it was not automatically tainted by the initial illegality and was properly admissible.
II
The appellant also argues that he was improperly denied a mistrial following certain statements proffered by the district attorney during closing argument. During the prosecutor’s closing remarks, he made the following statements:
“MR. MAXWELL: Just consider Jackie Mendhem, he gets up and goes out—
“MR. HOLLOWAY: I object to the statement that the jury should consider the law enforcement people in this case.
“THE COURT: Sustained. Don’t consider that statement about considering law enforcement people.
“MR. MAXWELL: He is going in that place and risking his life for the people of the State of Alabama.
“MR. HOLLOWAY: I object to the statement that the police officer is risking his life for the people of the State of Alabama and move for a mistrial.
“THE COURT: Sustained as to your objection, but motion denied as to the mistrial. Please disregard that last statement. It has nothing to do with this case.”
Although the above comments were improper, the trial court sustained appellant’s objections to them and sua sponte instructed the jury to disregard them. In Watts v. State, 53 Ala.App. 518, 524, 301 So.2d 280 (1924), the court succinctly stated: “The ruling of the trial court on a motion for a mistrial because of a remark or question of the attorney for the prosecution will not be disturbed on appeal unless it clearly appears that there was an abuse of discretion.” We believe that the trial judge’s actions were not an abuse of discretion, and that any error that might have arisen by the prosecutor’s remarks was cured by the actions of the trial judge. Starley v. City of Birmingham, Ala.Cr.App., 377 So.2d 1131, cert, denied, Ala., 377 So.2d 1134 (1979); Lawson v. State, Ala.Cr.App., 377 So.2d 1115, cert, denied, Ala., 377 So.2d 1121 (1979).
Affirmed.
All the Judges concur.