The appellant, Alfreddie Cole, Sr., was indicted by the grand jury of Jefferson County, Bessemer Division, for sodomy in the first degree. He entered a plea of not guilty, was found guilty by a jury of sodomy in the first degree, as charged in the indictment, and was duly sentenced to be imprisoned in the penitentiary of the State of Alabama for a term of twenty-two (22) years, and he appeals to this Court.
The appellant was at all proceedings in the trial court represented by court-appointed counsel, and is so represented in this Court. This case was submitted to this Court on briefs.
The appellant contends in his brief that his conviction should be reversed for three reversible errors made by the trial judge during his trial. First, by its admission into evidence of Cole's August 17 statement to Sergeant Farr. Second, by allowing a ten-year-old girl child to testify against Cole. Third, by overruling appellant's motion for a judgment of acquittal because state's evidence was insufficient to sustain a conviction of the offense.
State's evidence tended to prove that the injured party was a little four-year-old girl child. That the appellant was a 38-year-old person. That the appellant was visiting in the home of the mother of the four-year-old girl child on the first Saturday after the 4th day of July, 1982. That the mother left her house for a few minutes to go across the street to get some food from her mother's house, and when the mother of the injured party left her home, the appellant, the four-year-old child, and her little sister, a girl child about nine years of age, and a boy baby were all left in the living room. That the appellant took the four-year-old girl into the bathroom and left the door ajar. That the nine-year-old child looked in the bathroom, and saw the appellant with his hand on the four-year-old girl child's head, and his penis in her mouth. That on or about August 15, 1982 the mother of the four-year-old child noticed she was walking funny, and carried her to the hospital where she found out that the child had an infection down in the lower part of her womb, in her privates, and at this time Officer Farr began his investigation of the case.
In a statement signed by the appellant and marked state's exhibit 2, dated 8/17/82 and witnessed by Sergeant Farr, the appellant stated, among other things, that while he was using the bathroom, he was shaking his penis off, and when he turned around, the little girl was standing there, *Page 1388 
and he hit her across her mouth with his penis, and then pulled his pants up, and went back to the front room, and drank the rest of his beer, and saw that the mother of the child was not coming back, so he left. That when he hit the little girl in the mouth with his penis, she backed away and left the bathroom. That he never touched her, or held her. That he had been smoking reefers, and drinking beer and whiskey the night before and was not sure what happened.
Sergeant Farr testified that state's exhibit two is a written statement dated 8/17/82, signed by the appellant, Alfreddie Cole, Sr., and witnessed by Sergeant Farr, an officer of the Bessemer Police Department, who testified that the appellant read and signed the statement in his presence, and said its contents were true. The appellant did not testify before the jury or before the judge on the hearing out of the presence and hearing of the jury. State's exhibit two states, among other things, that the appellant is 38 years of age. That before answering any questions, or making any statement, Sergeant Farr, a person who identified himself as a police officer, duly warned, and advised him, and he knew, and understood that he had the following rights: That he has the right to remain silent, and does not have to answer any questions, or make any statements at all; that any statement he makes can and will be used against him in a court, or courts, of law for the offense, or offenses, concerning which the following statement is hereinafter made; that he has the right to consult with a lawyer of his own choice before, or at any time during, any questioning, or statements he makes; that if he cannot afford to hire a lawyer, he may request and have a lawyer appointed for him by the proper authority before, or at any time during, his questioning, or statements that he makes, without cost or expense to him; that he can stop answering any questions, or making any statements, at any time he chooses, and call for the presence of a lawyer to advise him before continuing any questioning, or making any more statements, whether or not he has already answered some questions, or made some statements.
State's exhibit number two also contained the following statements: That the appellant did not want to talk to a lawyer, and he hereby knowingly and purposely waived his right to remain silent, and his right to have a lawyer present while he makes the following statement to the aforesaid person, knowing that he has the right and privilege to terminate any interview at any time hereinafter, and have a lawyer present with him before answering any more questions, or making any more statements, if he chooses to do so. That the following voluntary statement is made of his own free will, without promise of hope, or reward, without fear, or threats of physical harm, without coercion, favor, or offer of favor, without leniency, or offer of leniency, by any person, or persons, whomsoever. That he had read, and signed, each page of the statement saying that the facts contained in the statement are true and correct; that he had made no request for the advice, or presence, of a lawyer before, or during, any part of the statement, nor at any time before it was finished did he request that it be stopped, and that he was not told, or prompted, what to say in the statement, and that it was completed at 11:00 A.M. on the 17th of August, 1982.
After a proper predicate for a confession was laid by the state, out of the presence and hearing of the jury, for the introduction of state's exhibit two, and over the objection of the appellant that the statement was produced by coercion, by unlawful detention of the appellant, the court overruled the appellant's objection, and allowed the statement to be introduced into evidence before the jury. The appellant was arrested by Officer Farr on August 16, after securing statements from the mother of the four-year-old injured party, her nine-year-old sister, and securing the record from the hospital where it was diagnosed that the injured party had a venereal disease.
The state rested its case. *Page 1389 
When the state rested its case, the appellant moved for a judgment of acquittal in the case on the grounds that the state had not produced evidence to show the conduct charged in the indictment. The court overruled appellant's motion for a judgment of acquittal.
The appellant offered the evidence of Dr. Edward Earl Mardant, Sr., who testified, in substance, that he was a Medical Assistant, County Jail, Bessemer, Alabama, Jefferson County Sheriff's Department, and in the course of his duty on August 18, 1982, he ran a VDRL to test Alfreddie Cole, Sr., the defendant in this case, for syphilis, and that on that date the test was negative; that the defendant did not then have that type of venereal disease. The appellant did not testify in his behalf.
Prima facie, a confession is not voluntary, and there must be evidence addressed to the trial judge rebutting that presumption, and showing prima facie the confession was voluntarily and understandingly made. The state introduced evidence tending to prove that no threats were ever made against the appellant; that he was not mistreated in any way; that no reward, or hope of reward, was offered, or held out to him to make a statement; that no inducements of any kind were made to him, and that he was fully informed of his constitutional rights, and knowingly and voluntarily waived them. The appellant offered no evidence at the hearing before the judge out of the presence and hearing of the jury. We hold that the predicate as laid in this case was sufficient to show prima facie that the confession was knowingly and voluntarily made. It appears from the record that there was no evidence before the trial court that the statement was not knowingly and voluntarily made, or from which such an inference could be drawn.
This Court has held many times that when a trial judge has found that a confession has been knowingly and voluntarily made by a defendant, after a hearing, and that the defendant has been fully appraised of his constitutional rights, and his rights as provided by the case of Miranda v. Arizona,384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and after having heard the evidence of witnesses, outside of the presence and hearing of the jury concerning his rights, and a proper predicate as to the voluntariness of the confession has been properly laid, this Court should not disturb the finding of the trial court, unless this Court finds from the record that the trial court's finding was palpably contrary to the weight of the evidence. The question as to whether the confession, or inculpatory statement, was voluntarily and knowingly made is one of law to be determined by the trial judge. The trial court judge needs only to be convinced from a preponderance of the evidence to find that the statement was knowingly and voluntarily made.Baldwin v. State, Ala.Cr.App. 372 So.2d 26, Ala. 372 So.2d 32;Hale v. State, Ala.Cr.App. 420 So.2d 821; Jones v. State,292 Ala. 126, 290 So.2d 165; Dejnozka v. State, Ala.Cr.App.397 So.2d 240; Certiorari Denied, Ala. 397 So.2d 246; Rudolph v.State, 275 Ala. 115, 152 So.2d 662; Certiorari Denied,375 U.S. 889, 84 S.Ct. 155, 11 L.Ed.2d 119; Rehearing Denied,375 U.S. 917, 84 S.Ct. 204, 11 L.Ed.2d 158; Womack v. State,435 So.2d 754 (Ala.Cr.App. 1983); Ex Parte Womack, 435 So.2d 766 (Ala. 1983); Hegmon v. State, 50 Ala. App. 486, 280 So.2d 192; Rainesv. State, 428 So.2d 206 (Ala.Cr.App. 1983).
There being no evidence in the record of an unlawful and illegal detention, we hold that under the evidence in this case the trial court did not err to the prejudice of the appellant when it overruled the appellant's objection to the introduction of the statement by the appellant to Sergeant Farr, on the grounds that the statement is the result of an unlawful and illegal detention.
The second error complained of by the appellant in his brief is that the trial court allowed the injured party's sister, a ten-year-old girl child, to testify as a state witness at the trial of the appellant. The record shows that before allowing the child to testify, the trial judge, out of the presence *Page 1390 
and hearing of the jury, and in the presence of all the parties, examined the witness, and allowed the state, and defendant, to fully examine, and cross-examine her. She stated her name, her age, the name of the school she attended, the grade she was in, that she went to Sunday School, that she knows the lawyers are going to ask her some questions, that she knows what the truth is, and what a lie is, and the difference in them, and what is meant to tell the truth, that the truth is what you have to tell, that when you tell a story, you tell something wrong, that she is going to tell the truth about Alfreddie, that it is better to tell the truth than a lie, that if you tell a lie, you go down to hell, that she has been told to tell the truth. The appellant's counsel was allowed to cross-examine the witness, and was not limited in its scope. At the conclusion of the voir dire hearing, the court stated to the parties he was going to allow the witness to testify.
Code Of Alabama, 1975, Sec. 12-21-165 provides:
"Incompetent witnesses.
 "(a) Persons who have not the use of reason, such as idiots, lunatics during lunacy and children who do not understand the nature of an oath, are incompetent witnesses.
 "(b) The court must, by examination, decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, insanity, drunkenness or infancy."
The courts of this state have not set a limit for children of tender age to testify. It is the duty of the trial court to examine a child of tender years, and in its discretion determine if the child has sufficient intelligence to observe, recollect, and narrate what occurs, and has sufficient mental capacity to be a witness. In the case of Jackson v. State,239 Ala. 38, 193 So. 417, Justice Bouldin stated:
 "The exclusion of a witness having good sense, however tender of age, is disfavored because it would often close the door to prove crimes against children themselves."
We hold that under the facts in this case the trial court did not err to the prejudice of the appellant when it allowed the ten-year-old girl child to testify. Jackson v. State, supra;McElroy's Alabama Evidence, Third Edition, 94.01 (5); Code OfAlabama, 1975, Sec. 12-21-165, supra; Miller v. State, Ala.Cr.App. 391 So.2d 1102; Jackson v. State, Ala.Cr.App.414 So.2d 1014; Taylor v. State, Ala.Cr.App. 408 So.2d 551;Certiorari Denied, Ala. 408 So.2d 555.
The third contention contained in appellant's brief is that the trial court erred to his prejudice by overruling appellant's motion for an acquittal because state's evidence was insufficient to sustain a conviction of the offense charged in the indictment because the testimony of the ten-year-old sister of the injured party was unworthy of belief due to her tender years, and contradictory statements on the stand, and because appellant's alleged statement of August 17, 1982 to Officer Farr was the product of an illegal detention, and hence not worthy of belief.
The appellant was indicted for the offense of sodomy in the first degree, a Class A Felony. Code Of Alabama, 1975, Sec.13A-6-63 (a)(3) provides that "a person commits the crime of sodomy in the first degree if: (3) He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than twelve years old."
State's evidence in this case tended to prove that the injured party was a four-year-old girl child, and the appellant was a 38-year-old male at the time of the alleged crime. That the appellant was seen in the bathroom with his penis in the mouth of the victim, and holding his hand on her head.
This Court is required to view the evidence in the light most favorable to the state, and not substitute its judgment for that of the jury, and when the evidence, if believed by the jury, is sufficient to sustain a verdict of guilty, it is not error for the trial court to overrule defendant's motion *Page 1391 
for an acquittal, and for a new trial. Gullatt v. State, Ala.Cr.App. 409 So.2d 466; McConnell v. State, 429 So.2d 662
(Ala.Cr.App. 1983); Stewart v. State, Ala.Cr.App.405 So.2d 402.
After a careful review of all the evidence in this case, we hold that the court did not err to the prejudice of the appellant when it overruled appellant's motions for an acquittal, and for a new trial.
The judgment of the trial court is due to be, and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.
 *Page 1